WRIGHT and others *vs.* E. W. MILLER and others.

H. MILLER *vs.* WRIGHT and MILLER.

A decree setting aside proceedings, by which the real estate of a feme covert had been transferred from the trustee of the estate and vested in her husband, as being fraudulent and void as against the children of the feme covert; directing a reference to a master to ascertain the value of those portions of the trust estate which have been sold by the husband to bona fide purchasers, and what sum, if any, should be paid by him to reimburse the trust estate, and to report a proper person and appoint him as trustee; and giving all the consequential directions, so as finally to dispose of the whole case upon the coming in and confirmation of the master's report, by a common order in the clerk's office, without the necessity of bringing the cause again before the court for any other decree, or further directions, and which also disposes of the question of costs, is a final decree.

Serving notice of an appeal from such a decree, and giving the ordinary appeal bond, in the penalty of $250, for the costs and damages of the respondent upon the appeal, will operate as a stay of all the proceedings upon the decree appealed from, except the proceedings for the costs, directed to be paid by the appellant.

Except as to the costs, such a decree is not a decree for the payment of money, within the intent and meaning of the 82d section of the article of the revised statutes relative to appeals; so as to make it necessary for the appellant to give security to pay the amount decreed, before the coming in and confirmation of the master's report showing that money is to be paid.

The case is different where the decree directs the payment of costs, but which have not been taxed, or directs the payment of the amount due upon a bond and mortgage, which is a matter of mere computation, upon the coming in and confirmation of the report as to such amount.

Where a final decree directs the appointment of a new trustee, and a conveyance to such new trustee when appointed, if the decree is not appealed from until after such trustee has been actually appointed, the appellant must comply with the provisions of the 83d and 84th sections of the article of the revised statutes relative to appeals, if he wishes to make his appeal a stay of proceedings.

THIS was an appeal, by E. W. Miller, one of the defendants, from an order of the late vice chancellor of the first circuit, directing the master to proceed in the decree which had been made in these causes. By the original decree, certain proceedings, by which the real estate of Mrs. Miller, which, previous to her marriage, had been conveyed to a trustee for her separate use during coverture with remainder in trust for her children, had been transferred from the trustee and vested in E. W. Mil-

Wright v. Miller.

ler the husband, absolutely, were set aside as fraudulent and void, as against the children of Mrs. Miller; and a new trustee was directed to be appointed. The decree also directed a reference to a master to ascertain the value of those portions of the trust estate which had been sold by E. W. Miller to bona fide purchasers, and what sum should be paid by him to reimburse the trust estate; and to report a proper person and appoint him as the new trustee. The decree further directed that E. W. Miller should convey to such trustee the part of the trust property mentioned in such decree; and that upon the coming in and confirmation of the master's report E. W. Miller should pay the amount which should be reported to be necessary to reimburse and make good the trust estate. The substance of the decree is more fully stated in the report of the case before the assistant vice chancellor. (1 Sand. Ch. Rep. 103.)

E. W. Miller appealed from the decree, and gave the usual appeal bond, in the penalty of $250, for the costs and damages of the respondents upon the appeal; and served notices of such appeal upon the clerk of the court, and upon the solicitors of the adverse parties. But he gave no other security, and took no other steps to make the appeal a stay of the proceedings upon the decree appealed from. In June, 1845, the respondents carried the decree into the master's office, and obtained a summons to E. W. Miller to appear before him, to proceed upon the reference. The appellant attended, upon the return day of the summons, and objected that the appeal stayed all proceedings upon the decree appealed from; and the master decided that the objection was well taken, and declined to proceed. The respondents subsequently applied to the vice chancellor and obtained the order, which was now appealed from, directing the master to proceed to the appointment of a new trustee, &c.

B. W. Bonney, for the appellant. The 116th rule of this court prescribes, that on appeals from a vice chancellor to the chancellor, the bond shall be the same as on appeals to the court of errors, and that the provisions of sections 80 to 89 of title 3, chapter 9 part 3. of the revised statutes shall be appli-

cable. (*See* 2 *R. S.* 605, *&c.*; 2*d ed. p.* 502 ; 3*d ed. p.* 696.), By section 80, it is provided, that an appeal shall not be effectual for any purpose until a bond for costs has been given, or a, deposite of $250 made. And by section 81, that no deposite shall be required when a bond is given. In this case a bond for costs has been duly executed, approved and filed, and no objection is made to it. Section 82 provides, that if the decree direct the payment of money, the appeal shall not stay the issuing of execution or other process to enforce the decree, &c. unless a bond be given in the penalty of at least double the sum decreed to be paid, conditioned, &c. This section is not applicable to the present case: no amount is decreed to be paid : it is not determined that any thing is due by the defendant. On the contrary, his affidavit (uncontradicted) shows the estate indebted to him. Besides, the question is not whether execution shall issue, but whether the master shall proceed to appoint a trustee and take an account. Section 83 of the statute relates to a decree directing the assignment or delivery of securities, chattels, &c. and in no way applies to this case. Section 84 provides, that if the decree directs the execution of any conveyance or other instrument, the issuing and execution of process to enforce it shall not be stayed until the appellant shall have executed the same and deposited it with the register or assistant register, &c. This section does not apply to the present case. The defendant Miller cannot execute a conveyance of the premises, for want of a grantee. Besides, as before mentioned, the question is not whether the defendant shall be compelled to execute a conveyance, (that he has not been asked to do,), but whether the master shall proceed to appoint a trustee and. take an account. Section 85 provides, that if the decree direct the sale or delivery of the possession of real property, the issuing and execution of process to enforce the same shall not be stayed until a bond be given, &c. In the present case there can be no delivery of possession, as there is no person to whom it can be delivered, and no execution or process to compel such delivery is sought to be stayed, or has been attempted to be issued. Section 89 provides, that in all other cases the filing and per-

Wright v. Miller.

fecting an appeal by giving bond for costs shall stay all proceedings on the order or decree appealed from, (except in three specified cases, neither of which is this case.) The present is one of those other cases in which proceedings are stayed, and were intended to be stayed, by the giving of a bond for costs only. That part of the decree under which the complainants seek to proceed, (notwithstanding the appeal,) orders a reference to a master to appoint a trustee and to take an account for the purpose of ascertaining what (if any thing) is due from the defendant Miller to the estate. This reference, requiring an account extending over a period of nearly thirty years, will necessarily, (if proceeded with,) involve great labor and expense, to which it was not the intention of the legislature to subject a party who in good faith appealed. Such appeal has in this case been taken, and it stays all proceedings before the master. There is no pretence of any special necessity for proceeding in this case. It is not alleged, nor can it be, that the defendant Miller is wasting or injuring the property, or that he is not abundantly able to pay any amount in which he can be found indebted to the estate. The papers now before the court show him a creditor of the estate. If the chancellor shall be of opinion that a further bond is necessary to stay the proceedings in the master's office, such bond may yet be given, and from that time the proceedings will be stayed. The amount of the penalty of the bond should be fixed by the court. (2 *R. S.* 503, § 85. *Burr* v. *Burr*, 10 *Paige*, 166.) The order made by the vice chancellor should be reversed, and the motion of the complainants denied with costs.

*A. W. Bradford & J. A. Lott*, for the respondent. The complainants were at liberty to proceed before the master, and the order appealed from, directing the master to proceed, is correct. (1.) Because the decree directs the execution of deeds of conveyance of real estate, (2 *R. S. p.* 605, § 84.) (2.) Because the decree directs the delivery of possession of real estate. (2 *R. S. p.* 605. § 85.) (3.) Because it is in the discretion of the court to allow an account to be taken before an appeal is disposed of,

on requiring sufficient security to save the appellant harmless in case he succeeds in reversing or modifying the decree. (*Mc Geoch* v. *Bullions,* 2 *Barb. Ch. Rep.* 34.) (4.) The "issuing and execution of procsss to enforce the decree," includes process by summons in a master's office, where such process is a necessary means to execute the decree. When in this case, therefore, the master shall have appointed a trustee, which he may do, without requiring the defendant Miller first to account, the complainants will have a right to require the execution of the conveyances and delivery of the possession to the trustee. The decree has not been stayed in any particular. It is an insufficient excuse for the appellant to say he could not find a grantee to whom he might convey and deliver possession. It was in his power, at any moment, to compel the complainants to have the trustee appointed and a grantee named, so as to enable him to perfect his appeal within the requisite period, and obtain a stay of further proceedings by complying with the provisions of the statute, in executing the conveyances, and giving the proper bonds. (*Burr* v. *Burr,* 10 *Paige,* 167, 170. *Quackenbush* v. *Leonard,* 10 *Id.* 133, 137.) If these points be well taken, the court will not, at this stage of the case, aid the appellant in staying the execution of the decree, until the trustee is appointed and the conveyances of the property made. For the complainants have a right to elect to take a deed of the farm at Flushing, and if they do so, bonds must be given for the rents of that farm also. As to the allegation that there is no special necessity for proceeding in this case, for the reasons advanced by the appellant; the complainant shows in his affidavit that the rents are in danger. It does not appear, even from his own showing, that the appellant is a creditor of the estate, for he is held to account for the *present* value of the original trust estate; and expenses for *its* permanent improvement, included in his account, are supposed to have been compensated by its increased income. In any event, it cannot be that in all cases of trust estates, where from there being no trustee in esse, there is no person to receive the conveyance and possession of real estate as decreed, except through the inter

vention and appointment of a master, that an appellant can escape the requisitions of the statute, and continue in the enjoyment and possession of the property declared to belong to others, merely by bringing his appeal and filing the ordinary bond for costs.

THE CHANCELLOR.  The only question which it appears to be necessary to consider is, whether the notice of the appeal, and the giving of the bond of $250 for the costs and damages upon the appeal, operated as a stay of the proceedings upon the decree appealed from.  For if it did not, this does not appear to be a proper case in which to proceed and take the accounts, directed by the decree, pending the appeal, and before a new trustee has been appointed.

Had this been an interlocutory decree, the second clause of the 116th rule of this court would have applied to the case, and the proceedings would have been stayed by the appeal, without a special order of the appellate court, or the giving of a further bond.  ( *Williamson* v. *Field,* 2 *Barb. Ch. Rep.* 281.)  But it is clearly a final decree, according to the decisions.  For it gives all the consequential directions, so as finally to dispose of the whole case upon the coming in and confirmation of the master's report, by a common order in the clerk's office; without the necessity of bringing the cause again before the court for any other decree or further directions.  And it also disposes of the questions of costs.  (*Coithe* v. *Crane,* 1 *Barb. Ch. Rep.* 21. *Johnson* v. *Everitt,* 9 *Paige's Rep.* 639.  *Mills* v. *Hoag,* 7 *Id.* 19.)  The first clause of the 116th rule of the court, therefore, leaves the question as to the stay of proceedings pending the appeal to depend upon the provisions of the sections of the revised statutes referred to in that rule ; except as to the justification of the sureties in the appeal bond, as provided for expressly in the rule itself.

The decree appealed from not only sets aside the fraudulent contrivances by which the legal title of the trustee in the trust estate was divested, and such legal title transferred to this appellant, but it directs the appointment of a new trustee, and

a transfer of the legal title to him, as well as the delivery of the possession. And if the part of the decree which directs the appointment of a new trustee had not been appealed from, or if such new trustee had been actually appointed before this appeal was perfected, the appellant would unquestionably have been compelled to comply with the provisions of the 84th and 85th sections of the article of the revised statutes relative to appeals from the court of chancery, to have stayed the proceedings to compel the execution of the deed to the trustee, and the delivery of the possession to him. (2 *R. S.* 606.) Even in that case, however, the conveyance of the Flushing farm, and the delivery of the possession thereof, could not have been compelled until after the taking of the account directed by the decree. For until such account had been taken it could not be known whether that farm was to be conveyed to the new trustee, and the possession thereof delivered to him, or whether he was to have a mere lien thereon, for the amount due to the trust estate, if any sum should be found necessary to reimburse the trust estate, for the losses it might have sustained by the wrongful act of the appellant.

But as no trustee has been appointed, and E. W. Miller appeals from the part of the decree directing a new trustee to be appointed, there is no person to whom the appellant can execute the deed and deposite it with the clerk, to abide the event of the appeal, as required by the 84th section of the statute. It is true the appellant might have waited until a new trustee was appointed. But that he was not bound to do. For it might, and probably would, vest the legal title, to a part of the trust property, at least, in such new trustee, under the provisions of the revised statutes ; and thus enable the latter to recover the possession of the property at law, notwithstanding the appeal.

The appellant could unquestionably have given the security to the adverse party, that no waste should be committed upon the premises pending the appeal, and that he would pay the value of the use and occupation of the premises in the mean time, to the new trustee when appointed, in case the appea

Wright v. Miller.

was unsuccessful.   But his neglect to comply with the provision of the revised statutes on that subject, does not prevent the appeal from staying the appointment of a new trustee.   And there is no way, therefore, in which the respondents can enforce a compliance with that part of the decree pending the appeal; although the appellant neglects to give the security required.

The respondents were entitled to security for the costs awarded to them, in order to stay the collection of the costs which the appellant was directed to pay.   (*City Bank* v. *Bangs*, 4 *Paige's Rep.* 285.)   But the neglect of the appellant ·to give security for the payment of the costs awarded by the assistant vice chancellor would not prevent the appeal from operating as a stay of the proceedings as to other parts of the decree appealed from.   And as a matter of expediency it may not be advisable for the respondents to tax their costs, and attempt to collect them, in this stage of the proceedings.   For as there cannot be separate taxations, and separate executions, for different portions of the same bill of costs, where the decree makes no provision therefor, the taxation and collection of the costs which have accrued up to this time would probably deprive the solicitor of the complainants, in the first of the above causes, of the costs upon the reference.

Except as to the costs, this is not a decree for the payment of money, within the intent and meaning of the 82d section of the statute, so as to make it necessary to give security to pay the amount decreed, before the coming in and confirmation of the master's report showing that some money is to be paid.   It is not a decree directing the payment of money absolutely; and merely referring it to the master to compute the amount due. For if the value of the trust property which remains, in specie, with the permanent improvements made thereon by the appellant, is equal to, or greater than what the present value of the whole trust property would have been, at this time, if the fraudulent destruction of the trust had not taken place, including that part of the rents and profits which ought to have been accumulated for the children, then no money whatever is directed to be paid to the master for the new trustee.   Or if the loss which the

Wright *v.* Miller.

trust estate has sustained is just equal to the value of the Flushing farm, and the respondents elect to have that farm conveyed to the new trustee to make up such loss, then there is nothing to be paid by this appellant except the costs of the complainants in the first suit; including the costs of the reference and the proceedings subsequent to the decree. It was therefore impossible to ascertain, at the time of appealing, whether any, or if any, how much money would be payable under the decree. And to require the appellant to give security in double the amount that upon a certain contingency might become payable under this final decree, to make the appeal a stay of the proceedings, would be to deprive him of the possibility of staying the proceedings. The case is different where the decree directs the payment of costs which have not been taxed, or the payment of the amount due upon a bond and mortgage, which is a matter of mere computation. (*Coithe* v. *Crane,* 1 *Barb. Ch. Rep.* 21.) For these reasons, I think this is a case in which the giving of the ordinary appeal bond stayed all proceedings upon the decree appealed from, except the proceedings for the costs which the appellant was directed to pay ; and that the master was right in declining to proceed with the reference before the appeal was disposed of by the appellate court.

There are many cases in which the revised statutes authorize appeals without any adequate security for the eventual performance of the decree appealed from, if it shall not be found to have been erroneous, or for the payment of the damages caused by the appeal; the necessary effect of which is that appeals are often brought for the mere purpose of delay and vexation. And the rule of this court relative to the security to be given upon appeals from decrees of vice chancellors, has not required any security in such a case as this, other than the ordinary appeal bond in the penalty of $250. If the appellant is really insolvent, therefore, the remedy of the respondent is by an application for the appointment of a receiver of the rents and profits of the trust property pending the appeal, and for an injunction to restrain the appellant from receiving such rents. But

---

upon the papers before me the respondents have not made out a case entitling them to such relief.

The order appealed from must be reversed, and the application to direct the master to proceed in the reference, denied; but without costs to either party.