JOHN B. GROW, RESPONDENT, v. HORACE GARLOCK AND OTHERS, APPELLANTS.

*Practice — stay of executions upon appeals from judgments in foreclosure cases — election of appellant as to the form of the undertaking — Code of Civil Procedure, secs. 1327, 1331 — the court will not decide abstract questions of law.*

The execution of a judgment directing the sale of mortgaged premises may be staid, upon appeal, by giving an undertaking against the commission of waste and for the payment of the value of the use and occupation of the premises as provided in the first sentence of section 1331 of the Code of Civil Procedure, or by giving an undertaking for the payment of any deficiency which may occur upon the sale, as provided in the second sentence thereof. The first sentence, as well as the last, applies to appeals taken from judgments directing a foreclosure and sale.

Section 1327 of the Code of Civil Procedure, applies only to judgments or orders requiring the payment of a sum fixed, or which may be fixed by a simple computation. It does not apply to judgments for deficiencies.

It is not the province of courts to decide abstract questions of law disconnected from the granting of actual relief.

APPEAL from an order made at the Jefferson Special Term.

*Wayland F. Ford,* for the appellants.

*P. C. Williams,* for the respondent.

SMITH, P. J.:

The order appealed from was made upon an application of a somewhat unusual character. The defendants Snell and Horace Garlock appealed to the Court of Appeals from a judgment of this court, affirming a judgment of the Special Term, which directed a foreclosure and sale of mortgaged real estate and required the payment of any deficiency that there might be and costs. They gave an undertaking as required by section 1326 of the Code to perfect the appeal. The undertaking also provided, pursuant to section 1327, that if the judgment, or any part thereof, should be affirmed or the appeal dismissed the appellants would pay the sum directed to be paid by the judgment or the part thereof affirmed On the appeal to the General Term they had given an undertaking providing against waste and for payment of the value of the use and occupation of the premises as required by the first sentence of section 1331,

but no undertaking to that effect was given on the appeal to the Court of Appeals. Upon this state of facts the appellants applied to the Special Term to *declare* the proceedings of the plaintiff stayed, until the determination of the appeal, by the undertakings given, or to declare them stayed upon the execution of an undertaking as required by the first part of section 1331, and also to declare that the giving of an undertaking under the first part of that section is sufficient to stay proceedings. In other words, the appellants did not ask the Special Term to direct, permit or prohibit the doing or undoing of any act, but merely to say whether the undertakings given had worked a stay, or whether that result would follow in case a certain other undertaking were given. The case is not one resting in the discretion of the court. The statute prescribes what shall effect a stay. If the undertakings given by the appellants were such as the statute required to be given for that purpose, the appellants needed no order; if they were not, no order assuming to stay proceedings could aid them. Cases are numerous in which the court or a judge thereof may grant a stay on terms, or otherwise, as matter of discretion, but this is not such a case. And the appellants did not apply for that relief. They did not ask that the court direct a stay, but they asked that the court declare that what the appellants had done, or what they suggested they might do, was, or would be sufficient to effect a stay. They did not even state their readiness or ability to give the undertaking suggested by them, but as has been said, their so-called motion was merely a request that the court would inform them upon an abstract question of practice. There are two ways in which the questions argued by counsel might have been presented for adjudication. If, after the undertakings already filed were put in, the respondent had proceeded to enforce his judgment, the appellants might have moved to set aside such proceedings as irregular; or, if the appellants had omitted to file the requisite undertaking, they might have applied for leave to file the same on terms on excusing their default. It is not the province of courts to decide abstract questions of law disconnected from the granting of actual relief. (*The People ex rel. Geer* v. *Common Council of City of Troy*, 82 N. Y., 575.) Such decisions would bind no one. The order of the Special Term purported to deny

the motion, except that it directed the plaintiff's proceedings stayed during the pendency of the appeal on the appellants giving an undertaking as required by the latter part of section 1331 of the Code. The first part of the order was equivalent to an expression of the opinion that the giving of the particular undertaking therein described was necessary to effect a stay, and inasmuch as, if the opinion was correct, the giving of such undertaking would have worked a stay, *proprio vigore*, the remainder of the order was superfluous and of no effect. Upon this ground the entire order might properly be reversed.

But as the parties may be saved a repetition of motions by an expression of our views upon the questions which they have argued upon this appeal, we proceed to consider them

We do not concur in the opinion of the learned judge at Special Term, that the giving of an undertaking under the second sentence of section 1331, is necessary to a stay in this case. That part of the section (which was adopted as an amendment in 1879) had the effect, as we understand it, to give to an appellant from a judgment directing a sale of mortgaged premises, his election to give the undertaking therein prescribed, the condition of which is to pay any deficiency, or to give one under the first clause of the section conditioned against waste, and to pay for use and occupation. Prior to the amendment of 1879, he was required to do both, and from that burden he is now relieved. The amendment evidently was adopted upon the idea that if the plaintiff is secured against any deficiency, there is no occasion for indemnifying him against waste or loss of the value of the use; and on the other hand, if the consequences of waste and the value of the use are made up to the plaintiff, the appellant shall not be required to make good any deficiency. It is true that in this view of the statute the appellant may stay the plaintiff's proceedings without providing against a deficiency arising from accumulation of interest, depreciation in the market value of the mortgaged premises, or damage or destruction of buildings by fire, but if there is an omission in this respect, it can only be remedied by the legislature.

We do not concur in the opinion of the judge at Special Term, that section 1331, as amended, contemplates two distinct classes of cases, and provides a separate undertaking for each. It is clear that,

prior to the amendment of 1879, the section related to but one class of cases, to wit, an appeal from a judgment " entitling the respondent to the immediate possession of real property, or from a judgment or order directing the sale or delivery of possession of real property." It was a substitute for section 338 of the old Code, which was limited to an appeal from a judgment " directing the sale or delivery of possession of real property." Of that class is a judgment for the sale of mortgaged premises; and it was so treated in the old section and the new. The present section, as amended, does not treat it otherwise; it simply makes it an exception to the class, by providing that, instead of the undertaking specified in the first part of the section, which is still applicable to the entire class, including judgments for the sale of mortgaged premises, it shall be *sufficient* to give an undertaking prescribed by the amendment. It is not made obligatory to do so.

The suggestion that an undertaking, in the form prescribed by section 1327, would cover any deficiency arising on the sale of the mortgaged premises is unfounded. That section is substantially like section 82 (2 R. S., 606), respecting appeals from orders or decrees of the Court of Chancery directing the payment of money. The construction given to that section in several reported cases is adverse to the view suggested. It is to the effect that the section applied only to decrees absolutely requiring the payment of a sum fixed, or that might be ascertained by computation. (See *The City Bank* v. *Bangs*, 4 Paige, 285; *Quackenbush* v. *Leonard*, 10 id., 131; *Wright* v. *Miller*, 3 Barb. Ch., 382.) See, also, *Curtis* v. *Leavitt* (10 How. Pr., 481), in which the cases above mentioned are relied upon in giving a similar construction to section 335 of the old Code.

Order reversed, without costs to either party.

HARDIN and BARKER, JJ., concurred.

So ordered.