## EVANS *vs.* VAN HALL.

Upon a motion to dissolve an injunction or ne exeat founded upon the defendant's answer, affidavits to sustain the bill and contradict the answer will not be heard.

Affidavits shewing that there has been a breach of the injunction by the defendant will be heard upon such motion, to enable the court to judge whether the defendant is in contempt.

Where E. was employed as the agent of a Land Company, and under contract to deliver up the books of the Company upon his ceasing to be agent, books of correspondence between the agent and the prin-cipal, or the attorney of the principal, are not such books, belonging to the Company, as are required to be delivered up upon his leav-ing the agency.

Such books are the private property of the agent, and are necessary for his protection.

A bill is sustainable for the specific delivery of such books of correspondence, in favor of the agent entitled to the property therein and the possession thereof.

A decision upon a motion made by a defendant before answer, the conditions of which are not complied with by the defendant, does not prevent him from making a new motion after answer, and upon the answer for the same object.

A defendant, against whom there is prima facie evidence of being guilty of a breach of an injunction, cannot be heard upon a motion to discharge a *ne exeat* against him in the same cause, until he has purged himself of the contempt.

Especially if the breach of the injunction charged, is the removal of of the subject matter of the suit, from the jurisdiction of this court.

June, 1839.

Evans
v.
Van Hall

*M. Taggart*, for complainant.

*B. Pringle*, for defendant.

THE VICE CHANCELLOR. This was a bill filed for the specific delivery of certain books of correspondence. Upon filing the bill the former Vice Chancellor allowed an injunction and *ne exeat* against the defendant.

A motion is now made to discharge the *ne exeat* upon the defendant's answer.

In opposition to this motion the complainant's counsel offered to read :

1st. Affidavits sustaining the bill, and contradicting some of the statements in the answer.

2d. The petition, affidavits, and order made by the former Vice Chancellor, upon the application of the defendant, allowing the defendant to go abroad upon his giving security, to be amenable to the process and orders of this court in relation to the subject matter of this suit.

3d. The affidavits of the complainant shewing a breach of the injunction in this cause by the defendant, and an attachment issued thereon.

The court refused to hear the affidavits offered under the first head.

They permitted the papers offered under the second head to be read, to enable the court to judge whether the subject matter of this motion had been in effect previously decided by this court.

The court also permitted the papers offered under the third head to be read, to enable the court to judge whether the defendant was so far in contempt that he was disabled from making any motion until he had purged his contempt. The papers offered under the first head were therefore excluded; and those offered under the two remaining heads were received and read.

It appears from the pleadings that the complainant was the local agent of the Holland Land Company, residing at Batavia; that in the discharge of his duties as such local agent, he was bound to obey the instructions of John J. Vanderkemp, the general agent of the Holland Land Company, residing in Philadelphia; that during the agency of the complainant many letters passed between him and Vanderkemp, which the complainant procured to be bound in volumes, i. e. the originals of Vanderkemp's letters, and copies of his own; that Vanderkemp had counterparts of the same in Philadelphia, i. e. the original of Evans' letters and copies of his own. Upon the resignation of the complainant of such agency, the defendant was appointed a local agent in his place. The defendant came into the possession of the books of correspondence between the complainant and Vanderkemp. The bill and answer differ as to the mode in which he came into such possession. The complainant deemed that he was

entitled to the possession of those books of correspondence, and demanded them of the defendant. The defendant refused to surrender them to the complainant. The complainant then brought a replevin suit to obtain possession of them; but the sheriff could not find them to make such delivery; and it does not appear from the papers that he arrested the defendant upon such replevin suit. The complainant then filed a bill in this court for the specific delivery of those books of correspondence, to the complainant, and obtained from the late Vice Chancellor an injunction and *ne exeat* against the defendant. The defendant gave bail upon the *ne exeat,* and before his answer was put in he presented a petition, praying that the *ne exeat* might be discharged, upon his giving sufficient surety to answer the bill of complaint, to render himself amenable to the process of this court during the progress of the cause, and also to such process as might be issued to compel a performance of the final decree therein. Upon this petition an order was made, in compliance of the prayer of the petition, that the *ne exeat* should be discharged upon the defendant's giving security according to the prayer of his petition, in the sum of $20,000. The defendant never gave the security required by this order. Subsequently the complainant presented his affidavits to shew that the defendant had been guilty of a breach of the injunction issued in this cause, and an attachment was issued thereon for such alleged breach of the injunction; but it does not appear to have been served, as the defendant could not be found. The defendant then causes his answer to be put in, and upon it moves for a discharge of the *ne exeat.*

Upon this motion several questions arise:

1st. Whether the bill is sustainable, for the specific delivery of this correspondence.

2d. Whether the correspondence was the property of the complainant, or of the Holland Land Company.

3d. Whether the complainant had not an adequate remedy at law.

4th. Whether the *ne exeat* was properly issued in the first place.

5th. Whether the subject matter of this motion had not, in effect, been decided upon the defendant's former petition.

6th. Whether the defendant was so far in contempt that he could not make any motion.

Under the view that I take of the present motion, it is not necessary to decide the first four questions; but I have no objections that the parties should have the advantage of my opinion upon them all, except the fourth, which, however, will be given without any argument.

1st. I have no doubt a bill is sustainable for the delivery of this correspondence. Bills are sustainable for the specific delivery of articles of mere *virtu* or curiosity; for articles valuable for their antiquity, or cherished recollections connected with them, on the ground that no jury can give an adequate compensation in damages. It is also sustainable for partnership books. 2d. Story Eq. Jurisprudence, 18, 19. It seems to me *a fortiori*, if bills are sustainable for the specific delivery of articles of mere curiosity, that they should be sustained for the delivery of a correspondence like this, which may be the safeguard of a man's property and character.

I cannot doubt, for an instant, that a bill of this kind would and should be sustained.

2d. I have equally little doubt that the correspondence mentioned in the pleadings is, of right, the property of the complainant. It does not appear to me that this correspondence is among the books, which the complainant, as agent, was required to keep in the office, under the contract set up in the answer, and to deliver over to the Holland Land Company.

This correspondence may be of essential advantage to the complainant, to enable him, at all times to shew that he has complied with his instructions. It may be the only protection he has to his property or character. And it is apparent that he, as a prudent man should do, has preserved it for that purpose; and I think he is entitled to it, as his own property, for his own protection. This can work no injury to the Holland Land Company. They, or their agent, have counterparts of the same correspondence. They have the letters of the complainant, and copies of their own. The complainant has, or should have, the letters of the general agent, and copies of his own. This is as it should be. Each has his own proofs; and it is inequitable and unjust, that all the proofs should be accumulated in the hands of one party, and thus have the other at his mercy.

3d. The complainant had no adequate remedy at law, unless he could obtain these books of correspondence by a writ of replevin. It is clearly a case where he could not be compensated in damages. He tried a writ of replevin and failed to obtain a specific delivery of the property. It does not appear that the defendant was arrested and held to bail in

*June, 1839.*

Evans
v.
Van Hall.

June, 1839.

Evans
v.
Van Hall.

the replevin suit, as he might have been; and consequently bail on the *ne exeat* is not holding him to bail a second time.

4th. I shall not now discuss, for reasons mentioned below, whether the *ne exeat* was properly issued in the first place.

5th. The motion made by the defendant to discharge the *ne exeat* before the coming in of his answer, does not seem to me to be an adjudication of the question embraced by this motion, so as to prevent this motion from being made. The defendant applied for relief. The court granted it upon certain terms. The defendant did not think proper to comply with the terms, and that motion must be deemed to be ended. It does not preclude him from making another in a more mature state of his cause.

6th. But the other suggestion, that the defendant is in contempt, is in my opinion worthy of a more mature consideration. It does not seem quite clear at what particular point of the proceedings a party shall be deemed in contempt. If he is in contempt, it is quite clear that he cannot come into court to ask any favor, until he has purged himself of the contempt. In this case the complainant presented affidavits presenting a *prima facie* case of a breach of the injunction issued in this cause by the defendant. An attachment is awarded and issued against him for this defiance of the process of the court. He is not taken upon that attachment, but comes in to move to be discharged from the operation of another writ. The injunction and *ne exeat* were both issued by a court having competent authority to issue such process. This process was not irregularly, though it may have been improperly issued. It was process the defendant was bound to obey until he could get,

in the proper course of proceedings, both writs dis-
charged or modified. He disobeys the mandatory
part of one process, and asks to be discharged from
the operation of the other. The affidavits presented
by the complainant shew a clear *prima facie* case
of a breach of the injunction. After he has set at
defiance one of the processes of the court, shall he
be heard to be discharged from another? From the
face of the papers it appears that he has trifled with
the authority of the court in this very cause; and I
do not think it comports with its dignity to hear his
motion for any favor, until he has explained or atoned
for his disobedience in a correlative matter. In this
stage of the proceedings I shall not, therefore, even
inquire whether the writ of *ne exeat* was properly
issued in the first instance. The subject matter of
the suit was a competent one for equity jurisdiction.
The writ of *ne exeat* is one of the processes by which
the court enforces its authority, and induces or com-
pels obedience to its decrees; and I shall not, while
the defendant is in contempt for a breach of the in-
junction issued in this cause, grant a motion for a
discharge of the *ne exeat*. It may in this case be of
irreparable injury to the complainant. As the books
are now out of the possession of the defendant, and
beyond the reach of the process of the court, and the
court would then have no means of punishing the
defendant for the refractory removal of these docu-
ments.

The motion is, therefore, denied with costs.