WILLIAMSON and wife *vs.* FIELD and others.

Where a decree declared that the complainants in the suit were entitled to certain premises, and to the rents and profits thereof, after satisfying certain mortgages thereon; and ordered a reference to a master to take an account of such rents and profits; and directed that upon the coming in and confirmation of the master's report, certain of the defendants, within six months thereafter, should pay the balance reported against them, with interest, and that the defendants should convey the premises to the complainants, under the direction of the master, and surrender the possession to them; and nothing was said in the decree as to the costs of the suit, but it reserved all further and consequential directions not inconsistent with that decree, with liberty to either party to bring the cause to hearing, for further directions, on the coming in of the master's report; *Held* that so far as related to the payment of the balance which should be found due by the master, and so far as related to the transfer of the legal title of the premises to the complainants, and the surrender of the possession, the decree was, in fact, final. But that inasmuch as the question of costs was not disposed of, and the right was reserved to the parties to set the cause down for a hearing for further directions, &c., it was an interlocutory decree merely.

*Held also*, that the parties appealing from such decree were not entitled to have the proceedings thereon stayed, without giving security, to protect the rights of the complainants as established by the decree.

*Held further*, that the fact that some of the appellants were executors and trustees, and that others were infants, formed no sufficient ground for taking the case out of the general rule; though it might induce the court to change the form of the security, if it could be done without injury to the rights of the respondents.

The legal presumption, upon an appeal, until the contrary is shown, is that the decree appealed from is right. And a certificate of probable cause for appealing, given for the purpose of staying the proceedings upon an appeal, has no other effect than to show that the judge who gives the same thinks it possible that his decision and decree may be wrong; not that it is probably wrong.

Where parties appealing to the chancellor, from a decree of a vice chancellor, have money in their hands which they have received for rents and profits of premises decreed to belong to the respondents, the fact that the appellants claim to withhold the money in a fiduciary character will not excuse them from giving security, upon the appeal, to pay such money, together with interest, by way of damages, in case the decree shall be affirmed.

THIS was an application, by the defendants, to stay the proceedings upon a decree of the late assistant vice chancellor of the first circuit, until the decision of the chancellor upon their appeal from such decree. The bill was filed against the executors and trustees, and the heirs at law, of Moses Field deceased,

to obtain a conveyance of the legal title to lot number 257 Broadway, in the city of New-York; and for an account and payment of the rents and profits, received by the testator in his lifetime, or by his executors and trustees after his death. The decree declared that the complainants were entitled to the premises, and to the rents and profits, after satisfying certain mortgages thereon. A reference was, therefore, directed to a master to take an account of such rents and profits. The decree also directed that upon the coming in and confirmation of the master's report, the executors and trustees, within six months thereafter, should pay the balance reported against them, with interest; and that the adult defendants, in person, and the infant defendants, by their guardian ad litem, should convey the premises to the complainants under the direction of the master, and surrender the possession to them; and that the infants should convey in person after they became of age. Nothing was said in the decree as to the costs of the suit. But it reserved all further and consequential directions not inconsistent with the decree; with liberty to either party to bring the cause to hearing for further directions, on the coming in of the master's report.

The defendants appealed from the decree, and gave the usual bond, for costs and damages, in the penalty of $250, and obtained a certificate of probable cause. They thereupon applied for an order to stay the proceedings of the complainants pending the appeal. But the chancellor holding that it was not a proper case to stay the proceedings upon the decree appealed from, without security, denied the application; with liberty to the appellants, upon the coming in and confirmation of the master's report, to apply for a stay of the further proceedings of the complainants, upon the decree, on such terms as to security, or otherwise, as the court might then direct. The master reported a balance against the executors and trustees, for the rents and profits and interest, beyond the amount of the mortgages, of about $43,000. The defendants thereupon renewed their application to stay all further proceedings upon the decree, pending the appeal.

Williamson *v.* Field.

*J. L. White & John Jay*, for appellants.

*D. D. Field*, for the respondents.

THE CHANCELLOR. The decree in this case appears to have been final, so far as related to the payment of the balance which should be found due by the master, and so far as related to the transfer of the legal title of the premises to the complainants, and the surrender of the possession. But it is an interlocutory decree; inasmuch as the question of costs is not disposed of, and the right is reserved to the parties to set the cause down for a hearing for further directions, not inconsistent with the decree already made. And I see no reason to change the opinion which I formerly expressed, that the appellants were not entitled to have the proceedings stayed without giving security, to protect the right of the complainants as established by the decree. The fact that some of the appellants are executors and trustees, and that others of them are infants, forms no good ground for taking the case out of the general rule; though it may induce the court to change the form of the security, if it can be done without injury to the rights of the respondents.

The legal presumption, until the contrary is shown, is that the decision of the assistant vice chancellor is right. And as the merits of the case do not appear in any papers before me on this application, there is nothing to impair the force of that presumption in the least. The certificate of probable cause amounts to nothing more than that the judge who gives such certificate thinks it possible that his decision and decree may be wrong; not that it is probably wrong, for that would be inconsistent with his judgment deliberately given in the case.

It appears from the master's report that the annual rents of the premises are worth about $3000. It would therefore be unreasonable to permit the defendants to continue in possession of the premises, and to receive such rents and profits for two or three years, without giving any security to account for them if the decree should be affirmed; as the legal presumption now is that it will be. And if the appellants are either unable or unwilling

Williamson *v.* Field.

to give security for such rents and profits, and to guard against waste, the respondents, who are presumptively entitled to such rents, should be permitted to take possession of the premises and receive the rents. For if the decree is reversed they will be bound to refund them.

The decree against the executors and trustees is of the same character, in reference to the question of security. They have in their hands between forty and fifty thousand dollars which they have received for rents and profits of premises decreed to belong to the complainants. And the fact that they claim to withhold the money in a fiduciary character, is no reason why they should do so without giving security to pay it, together with interest, by way of damages, if the decree shall be affirmed. They must therefore either pay the money to the respondents, subject to be refunded if the decree should be reversed, or give security that it shall be paid to the respondents, with interest by way of damages, in case the decree appealed from should be affirmed. Or if they prefer it, they may be permitted to bring the money into court; giving security to the respondents to pay any loss of interest, or other loss, which they may sustain in case that part of the decree is not reversed. But in that case the respondents must be permitted to take the money out of court upon giving security, in double the amount received by them respectively, to refund the same if the decree shall be reversed as to such money. As the amount is large, the bond to stay the collection of the money directed to be paid by the executors may be in the penalty of $60,000 only; with sureties who can in the aggregate justify in sums equal to two sureties in that amount. And if the executors elect to bring the money into court, the bond to cover the loss of interest, &c. may be in the sum of $6000, with two sureties who can justify in that amount. And until the respondents shall be able and willing to take the money out of court upon giving security to refund, it may be deposited in the Trust Company, upon interest. That will enable the executors to transfer to the Trust Company any bonds and mortgages held by them, which the company are willing to accept and receive as money. If either of these

modes of securing the respondents is complied with, by the appellants, within twenty days, all proceedings upon the decree, to compel the payment of the sum reported due by the master, are to be stayed until the decision of the chancellor, or other court having jurisdiction of the case upon this appeal, shall be made.

The proceedings upon that part of the decree which directs a conveyance, and the delivery of the possession of the premises, may also be stayed upon executing the conveyance and depositing it with the clerk of the first circuit, to abide the final order and decree of the court upon this appeal, and executing and filing a bond in the penalty of $12,000, with two sufficient sureties, who shall justify in that amount, conditioned that the appellants will not commit any waste of the premises, or suffer it to be committed; and in case that part of the appeal shall be dismissed or discontinued, or the decree appealed from shall be affirmed, that the appellants will pay the value of the use and occupation of the premises from the time of the appeal until the delivery of the possession thereof pursuant to the decree. The bonds and the sufficiency of the sureties, are to be approved by the vice chancellor of the first circuit, and within the twenty days.

And the respondent's costs of opposing this motion must be paid by the appellants.