## COURT OF APPEALS.

NANCY HARRIS, by her next friend, &c., Respondent, agt. RALPH CLARK and others, Ex'rs, &c., Appellants.

An *order, decree* or *judgment* of the court, which contains a provision for *a reference* of certain matters, and that all further questions and directions be reserved until the coming in of the report of the referee, is not an appealable order, decree or judgment, under the code, (§11.) It is not *the final* order or judgment contemplated by the code.

*July Term,* 1849.—The appeal in this cause was taken from a decree of the Supreme Court in Equity—Sixth Judicial District. The cause was brought to a hearing upon pleadings and proofs, and the decree entered November 21st, 1848. The question in the cause involves the construction of the will of Sydney Smith. The Supreme Court decided that the trusts in the will should be declared void *in toto,* and the property be allowed to descend, as in case of intestacy, with proper directions in the decree *for reference, and taking an account, &c.* The decree was accordingly so entered; after declaring the general terms thereof, it was referred to Stephen Cambreleng, Esq., to take and state an account of all the personal estate of the said testator, &c., and how much was due to the complainant Nancy Harris, and the defendant Josiah C. Cady, respectively, as heirs-at-law of the said testator, &c. The last clause of the decree was entered in these words: " And it is further ordered, adjudged and decreed, that the taxable costs of all the parties to this suit be paid by the executors of said will, out of the personal estate of the said testator; *and that all further questions and directions be reserved until the coming in of the report of the said referee.*"

This cause was called upon the calendar of this court, July 21st, 1849.

Mr. CHARLES O'CONNOR, counsel for appellants, suggested to the court that, in his judgment, the order or decree appealed from, was not an appealable order, either under the code or otherwise; although he admitted that the appeal must be taken under the code in this case.

Mr. BENJAMIN F. BUTLER, counsel for respondent, insisted that it was a judgment upon an actual determination made at a general term, and covered by § 11 of the code. That it was a *final order*, or such a *final judyment* as was contemplated by the code.

The court took the case under advisement, and on the 23d July it was decided. JEWETT, Ch. J., said the court had examined the question, and were of opinion that the order appealed from was not such a *final decree* or *final judgment* as was contemplated or intended by the code. The Legislature undoubtedly meant to prohibit an appeal from any order or judgment which was not *the final* order or judgment—the *last* one in the cause. That the language of the code was explicit and and well expressed to accomplish that object. In this case the decree appealed from states " *that all further questions and directions be reserved until the coming in of the report of the said referee.*" Of course it was not the *final* order or judgment of the Supreme Court.

Upon the suggestion of the respective counsel, that the case would be brought up in a proper shape, the court did not dismiss the appeal, but merely refused to hear the cause argued.