# SUPREME COURT.

## CORNELIUS C. KROM vs. HENRY HOGAN and others. .

A defendant cannot defend himself against an application for an attachment, for doing an act in disobedience of an injunction, on the ground that he acted by the authority and direction and for the benefit of a third person, who, he alleges, has become entitled, since the service of the injunction, to do the act complained of.

It is a sufficient answer to a motion to vacate an injunction, that the defendant is in contempt for disobeying it.

Where the defendant moves to vacate an injunction on an answer, verified as required by the *amended* code, it will be considered as made upon affidavit; and the plaintiff will be entitled to oppose the same by affidavits or other proofs, in addition to those on which the injunction was granted.

*Albany Special Term, February,* 1850.—In this case an injunction was allowed on the complaint without notice, and served on the defendants in August last, by which they were commanded to desist from cutting or removing any timber or wood from the premises therein described. The plaintiff moved for an attachment against one of the defendants for disobeying the injunction—and the defendants moved to vacate the injunction. The facts sufficiently appear in the opinion of the court.

M. SCHOONMAKER, *for plaintiff.*

E. COOKE, *for defendants.*

PARKER, Justice.—It is satisfactorily established by affidavits that the defendant, Henry Hogan, has been several times engaged in cutting and carrying away timber from the premises in controversy, since the service of the injunction. He seeks to protect himself against punishment, by showing that he acted under the authority, by the direction, and for the benefit of Cornelius Hogan, a third person, who is not a party to this suit, and who, he says, has become the owner of the premises by purchase, since the service of the injunction. These facts afford him no protection. So long as the order of the court is in force, he is bound to obey it. It is not for him to say when the injunction shall cease to operate. If there are any facts entitling him to a dissolution of the injunction, he may apply to the court for relief; but until the court vacates the order, no direction from a third person can authorize him to violate its commands. The motion for an attachment must, therefore, be granted.

The defendant also moves, on the answer and complaint, to vacate the order for injunction. It is a sufficient answer to this application that the defendant is in contempt for disobeying its commands. Until the con-

tempt is purged, he is entitled to no favor.   (2 Barb. Ch. Pr. 281 ; 1 Paige R. 646 ; 1 Clarke, 22.)

But upon the merits, I think this motion should not be granted. The facts shown by the affidavit to resist the application for an attachment, are not before the court on this motion.   The defendant moves only on the facts stated in his answer.   As between the complaint and the answer, if the whole equity of the complaint were denied by the answer, the court would dissolve the injunction.   But the plaintiff produces an affidavit of a third person in corroboration of his complaint, and in opposition to the facts set up in the answer.

Under the code as it originally passed, neither a complaint nor an answer could have the force or effect of an affidavit.   They were merely pleadings.   The verification required was too loose to allow them to be used as affidavits on an application for an injunction, or a motion to dissolve it.   (3 How. Pr. Rep. 327.)   But the form of the jurat is now so altered by the amended code, as to change the practice in this respect. The party now swears to the facts stated in the complaint or in the answer, as positively and substantially, and in the same form as he formerly did under the chancery practice.   Where an application is made to vacate an injunction on an answer thus verified, the plaintiff is at liberty to oppose the same by affidavits or other proofs, in addition to those on which the injunction was granted.   (Amended Code, § 226.)

The motion to vacate the injunction is therefore denied, with $10 costs.