Bosworth, Ch. J.
It was stated on the argument of this appeal, by the counsel of both parties, that this action *619 was brought to trial iu February, 1861; but that fact does not appear from any recitals on the order appealed from, nor from any papers handed up on the appeal, except that designated as “extract of minutes.”
The Judge, in making the order appealed from, since it appears from recitals in it to have been made on his suggestion, must be presumed to have been moved thereto by his views of what was due to a just administration of the law, formed upon a full and careful examination of the pleadings, and of the evidence given on the trial before him. Eeither the pleadings nor any part of the evidence have been laid before us; nor do the papers before us furnish any information as to the nature of the action, or of the defense, or as to the evidence given,” or other proceedings had at the trial. •
If, therefore, it is a possible thing that, in any action triable before the Court without a Jury, the Judge may, after the evidence, which either party chose to offer, has been received, and the cause summed up and submitted, and the Court had adjourned for the term, open the proofs and receive further evidence on any point, at a subsequent term held by him, then we cannot say, from the papers before us, that he has acted contrary to law in this case, or exercised his discretion in a manner prejudicial to the rights of either party, even if he should receive proofs upon the points specified in the order under consideration.
But we think that the order in question is not reviewable upon appeal in this stage of the action. FTo evidence appears to have been taken under it, and it may be that none will be given. If any should be offered, the party opposed to its reception can object to it, on the ground that the cause has reached a stage that it is out of the power of the Judge to receive further evidence, and if he receives it, his decision can be excepted to, and reversed on an appeal from the judgment.
The cause is undecided, and this is an attempt to review the decision of the Judge, made after the commencement of the trial and prior to his final decision of it that he will *620 permit further evidence to he given on points which he specifies.
The Oode does not prescribe any mode of reviewing a decision of a Oourt trying a cause without a Jury, whether it be made during the progress of the trial, or forms part of his final decision, except upon a case or exceptions in connection with an appeal from the judgment entered on the final decision. (Code, §§ 268, 348.) Lawrence et al. v. The Farmers’ Loan and Trust Co., (15 How., Pr., 57,) sustains the proposition last stated.
We find no more warrant in the Oode for reviewing by an appeal taken after the trial has commenced, and before judgment, a decision admitting evidence, on the objection to it that the Oourt had no rightful authority to admit the. evidence because the trial w:as ended, (in the view of the party objecting,) than for reviewing a decision admitting evidence while the trial was evidently in progress, on the objection that by established rules of law, it was incompetent and inadmissible.
The decision now sought to be reviewed (although evidenced by an order in the action) relates to the trial of the action before the Judge before whom the trial was commenced, and to the reception of evidence to be considered in determining the issues to be decided, and is, therefore, a decision during the trial, as to admitting evidence. As this can only be reviewed, if evidence shall be received against the objection and exception of either party, on an appeal from the judgment, the appeal should be dismissed, with $10 costs, instead of the order appealed from being affirmed.
The Oourt does not express any opinion upon the propriety or legality of the decision included in the order.
The appeal should be dismissed.
Robertson, J.
The supposed order appealed from is made up of the offer of an opportunity to the parties in this action to produce further testimony in regard to the issues therein, and an implied self-imposed determination *621 of the Justice before whom, the trial of such issues had thus far been had, not to decide such issues until such opportunity is afforded; neither of which make it a subject of appeal. It can hardly be said to be even an order. It neither adjudicates any rights nor issues any mandate to any person. The mere entry on the records of the Court of an intention of a Judge to receive further evidence, whether properly or improperly, of his invitation to any party to give it, can hardly be "said to be an order. And the question whether the trial is or is not over, will not alter that of the appealability of such a determination. Because in neither case is any injury inflicted, even by taking the testimony, unless it be used as the foundation of the ultimate decision.
A similar order or determination on a trial, where the testimony would be improper, would amount to nothing, and be no subject of review unless the testimony was received and laid before the tribunal who is to pass upon it. Ho exception could be taken to the mere resolve; it would only be to the reception.of the testimony. And no trial can be broken into fragments to have exceptions disposed of on separate appeals. (Lawrence v. Farmers' Loan and Trust Company, 15 How. Pr., 57.)
If, however, the trial is ended, and the supposed order is a mere determination of the presiding Judge to listen to additional statements under oath after the trial is over, no harm can accrue until the statements are listened to, and the judgment based on or biased by them. There is no physical impossibility in a Judge listening to extra-judicial statements, whether presiding in a Court or not. The remedy for any injury to the party prejudiced thereby is by motion to set aside the decision as in the case of a Jury. As a Judge is not so rigidly restricted as to time as a Jury, it is possible a thousand occurrences may influence his mind between the hearing and decision of a cause. The law trusts that his experience, learning and honesty will enable him to reject the influence. But the door once opened to applications, like that implied in this appeal, to *622 prevent the Judge, in advance, from hearing the testimony, might be equally extended to control all his movements. Hutil it is shown that the testimony taken has improperly entered into the decision, the action of the Court cannot be controlled, although it may have declared1 23 it in the form of an order on the records of the Court.
That this is not an isolated order, is plain from the fact that it is only binding on the Judge who made it. The Court exists independently of the Justices holding its terms. Should the learned Judge before whom this case was tried resign, this order, by itself, would be vain and nugatory.
It is not necessary now to pass upon the question whether the lapse of twenty days since the submission has deprived the Judge hearing the trial of any right to hear additional testimony, or whether the lapse of that time has made a mistrial, or the parties complaining of this supposed order have any other remedy. It is enough that it does not affect the merits or any substantial right.
I concur in the judgment dismissing the appeal, with costs.
Appeal dismissed, with ten dollars costs.