Barbour, J.
This is an action brought to enforce the specific performance of an agreement, whereby the defendant, (with another, his partner,) undertook to conduct and prose-mute a suit or suits, brought or to be brought, to establish the title of a judgment debtor to certain lands which had been sold on execution and purchased for the benefit of the defendant’s firm, and, if successful, to pay to the plaintiff, in a speci- • fied order of precedence, out of the proceeds of such lands, the amount of two judgments held by him; and by which agreement, the plaintiff undertook and agreed to pay one half the,costs and expenses that should be incurred in such litigations.
A trial was had in this action at a special term, before one of the justices of the court without a jury, in 1863, when the cause was submitted for decision. The judge subsequently filed his findings of fact and conclusions of law, and thereupon directed a judgment to be entered ; which was, in form, done.
By the judgment so entered it was “ ordered and adjudged that the defendant should be paid by the plaintiff,” one half *695 of the costs and counsel fees, (said on this argument to amount to more than $20,000,) incurred and paid .by the defendant and his firm in prosecuting the litigations mentioned in the agreement; that the defendant, on paying to the plaintiff the amount of his judgments, after deducting therefrom one half of such costs and expenses, “ shall be discharged of all claims of the plaintiff;” and that, on failure of the defendant so to pay within thirty days after the amount shall have been ascertained, as provided in the judgment, the premises shall be sold by the sheriff; who shall pay to the defendant, out of the proceeds, one half of such costs and expenses, in the first place and then pay certain judgments and liens, including those of the plaintiff, in the order therein mentioned. The judgment also provided and directed that it be referred to the Hon. Murray Hoffman, as referee, “to ascertain and report?’ the amount due to the defendant on account of the costs and expenses, and the amounts, severally, of the judgments and liens ; and “further ordered and adjudged that all questions as to the costs of this action, he reserved until the coming in and confirmation of the said report.”
Ho direction is given in the judgment for determining the amount, if any, that the plaintiff was entitled to have from the defendant, except what is found in the reference to Judge Hoffman, together with that which may be implied from the words “ coming in and confirmation of the report,” employed in connection with the direction concerning costs.
A motión is now made on the part of the plaintiff, that the judgment be vacated and set aside; that the complaint be amended by inserting new matters which have been first discovered during the taking of proofs upon the reference ; and that a new trial be directed.
I see no reason why a judge, sitting, as in equity, at special term, may not so far follow the practice in the old court of chancery, as to hear proofs, and determine, in his own mind, a portion only of the issues, and, after sending the case to a referee to take and report further, proofs, again take it up, on the coming in of such report, either during the same or at a *696 subsequent term, and then, upon hearing counsel, render, a final judgment. There is nothing in the Code expressly prohibiting such a course, and, it appears to me, the last clause of the.468th section may well be so construed as to authorize it; even conceding, as,I do not, that any legislative authority is necessary to give that power to courts, in equity cases.' ■ •
But a trial cannot, properly, be had before- one judge, and decided in part by him, and again be taken up at a subsequent term, and completed before another justice. A cause cannot thus be tried and determined in piecemeal by two or more justices ; and so it was held by this court at general term,-in Chamberlain v. Dempsey, (15 Abb. R. 1.)
Uor can there now be an interlocutory judgment in any case; the only judgment authorized or permitted by the Code being a the final determination of the rights-of the parties in the action.” (Code, § 245.) In their remarks upon this section, the learned codifiers say ; “ To avoid the confusion incident to the use of the word judgment, in two senses, one as interlocutory, and the other as final, we have thought it better to use it only in the latter sense, and to designate all other written directions- of a court or judge, as orders.” (Rep. of Comrs.- to the Legislature, Feb. 1848, p. 182.) Whether the inconvenience arising from the use of -the word judgment, in two senses, was a sufficient reason for abolishing the power of the court, in equity;, to pronounce interlocutory decrees—a power which had been exercised to great advantage for centuries— was for the legislature to decide ; and they have done so. We have only to conform our procéedings to the law as we find it.
The main question upon this motion, therefore, is, whether the paper purporting to be the judgment of the court, is, or is not, a final determination of the rights of the parties ; or, in other.words, a final judgment in the action. For, if not, it will be necessary to consider the proceedings before the court as a mistrial; inasmuch as the learned justice,-who then presided, has since left the bench, so that it is now impossible for him to complete the trial and adjudication; and, in that case, *697 the ostensible and apparent judgment ought to be removed from the record.
It is true that a judgment may be final, although it makes no provision whatever in regard to the costs of the action, for the court will be assumed to have intended that each party should bear his own charges and expenses. (Dickenson v. Codwise, 11 Paige, 189. Williamson v. Field, 2 Barb. Ch. 281.) But, where the whole question of costs is reserved, the decree is not final; (Chittenden v. Miss. Society, 8 How. Pr. 327;) and for the reason, as I understand it, that the question of costs as between the parties in the action, is, in equity suits, a matter of right, which can be determined only in and by the final judgment of the court, in the exercise of its judicial discretion. (Oode, § 306.)
Indeed, I think, no judgment can now be considered as final which expressly reserves any question whatever for future consideration and determination by the court, and so the authorities appear to speak. In the case of Harris v. Olarh, (4 How. Pr. 78,) costs were awarded by the judgment of the Supreme Court, but other questions were reserved until the coming in of the report of the referee. The Court of Appeals held that it was not a final judgment. Swarthout v. Curtis, (4 N. Y. Rep. 415,) was a suit brought to set aside a satisfaction piece, and foreclose a mortgage. The decree set aside the satisfaction, and directed a foreclosure, in the usual form ; a reference was also ordered, to compute the amount due, and upon the coming in and confirmation of the report, the premises were to be sold, &c. No questions were reserved, in terms. It will be seen, therefore, that nothing remained to be done by the court, except to confirm the report, and yet this was held by the Court of Appeals not to be a final judgment from which an appeal could be taken. The case of Tompkins v. Hyatt, (19 N. Y. Rep. 534,) was very similar to the one now under consideration. There, in an action brought to enforce liens, the judgment directed a sale of the premises by the sheriff, who was required to pay to the plaintiff a certain sum, after deducting therefrom the amount due for rent and for the *698 use and occupation of the premises ; and a reference was ordered, to ascertain the amount so due for rent and use and occupation. The Court of Appeals held that it was not a final judgment. (See also Cruger v. Douglass, 2 N. Y. Rep. 571; Williamson v. Field, 2 Barb. Ch. 281; Lawrence v. Farmers’ Loan and Tr. Co., 15 How. Pr. 57; Jenkins v. Wild, 14 Wend. 539.)
In the paper which has been entered in this case as the judgment of the court, not only is the question of costs expressly reserved, as we have seen, but such judgment clearly contemplates and provides for further action by the court, upon the coming in of the report of the referee ; and it follows that it is not the final judgment of the court. It should therefore he vacated and set aside, in so far at least as it purports to adjudicate and determine the rights of the parties to the action. I see no reason, however, why so much of it as orders a reference may not be permitted to stand, so as to save the parties the trouble and expense of a re-examination of the witnesses upon questions which they have already answered. But that order must be modified so as to direct the referee to take proofs and report the same, instead of the direction to “ ascertain and report ” upon the matters therein mentioned. The plaintiff must also be allowed to amend his pleadings in the manner indicated in his motion papers. Ho order directing a new trial is necessary. The judgment being set aside, that will follow as a matter of course, I think. If counsel shall deem it advisable, however, that branch of the motion may be renewed; and he must also have leave to move to amend the order of reference, after he shall .have amended his pleadings, in case he shall so elect.
The order may be settled before me on two days notice.
Note.—The above decision was affirmed, at general term held in November, 1865, before Babboub, Monell and McCünn, Justices.