(6 Misc. Rep. 408.)

### MICHEL v. O'BRIEN.

(Supreme Court, Special Term, Erie County. January, 1894.)

1. LEASE—WAIVER OF FORFEITURE.
   Acceptance of rent after the tenant has forfeited the lease waives the forfeiture.

2. SAME—LIQUIDATED DAMAGES.
   Where a lease provides that, "in addition to terminating" it for certain acts of the tenant, the landlord may recover a specified sum as liquidated damages, the right to damages depends on the forfeiture, and therefore cannot be recovered if the forfeiture is waived.

3. INJUNCTION—MOTION TO VACATE—EFFECT OF DISOBEDIENCE.
   Where an application to dissolve an injunction is addressed to the favor of the court, the disobedience of defendant may be considered.

Motion by defendant to dissolve an injunction. Denied.

Edward F. Coatsworth, for plaintiff.
John R. Hazel, for defendant.

WARD, J. On the 2d of February, 1893, the plaintiff was the owner, and still is the owner, of a three-story brick building on the corner of Alabama and Elk streets in the city of Buffalo. At that date the parties to this action entered into a lease in writing whereby the plaintiff leased to the defendant the building for the term of two years, to commence the 1st of May, 1893, with the privilege to the defendant of renewing the lease for three years longer. For the first two years the defendant was to pay a rental of $600, in monthly payments of $50 each, payable on the 1st day of each month in advance; after that the rental not to exceed over $60 per month; and among other provisions it was covenanted that if the defendant should, without the written consent of the plaintiff, underlet or assign over the premises or any part thereof for the whole or any part of the term, or should use the premises or any part thereof in an unusual, improper, or wasteful manner, "or for any other purpose than for a saloon and dwelling of reputable and orderly character, or should violate any other covenant or agreement contained in this lease, then in either case" the plaintiff should have the right, at her election, to terminate the lease on first giving to the defendant three days' notice of such election, and, if this was done, the term should thereupon cease at the expiration of the said three days,

the same as at the expiration of the original term of the lease; and such election be in the discretion of the plaintiff, and, when exercised, should be conclusive upon the defendant. And in case the defendant should violate the covenant not to underlet or assign, or to use the premises only for the purposes for which they were rented, then the plaintiff, in addition to terminating the lease by such notice, "may also recover damages for the violation of said covenants, or either of them, a sum equal to the amount of six months' rent of the premises as stipulated, in liquidated damages, and not as a penalty." The defendant entered into the possession of the premises under this lease, except the second floor of the building, which he leased to the plaintiff. He occupied the first floor for a saloon, and the third floor the defendant permitted to be used for public dances, balls, and parties, and rented the same for that purpose, and allowed others to use the same for such dances. This occupation of the third floor the plaintiff claims was a violation by the defendant of the covenant of the lease, was injurious to the building, and greatly to the discomfort and annoyance of the plaintiff, who occupied the second floor as a residence; that the defendant threatened to continue the use of such third floor for the purposes of a dance hall, and was to allow the third floor to be used for that purpose by the Oxford Social Club to hold a public dance therein on the evening of December 20, 1893. The injunction was granted on the 20th of December, 1893, and served about 6 o'clock in the evening upon the defendant personally. The injunction restrained the defendant, his servants, agents, etc., from holding public dances, balls, and socials on the premises, or using them for any other purpose than a saloon and dwelling of a reputable and orderly character. The defendant disregarded the injunction, and the Oxford Social Club held their dance on the third floor of the building on the evening and night of December 20, 1893. On the 23d of November, 1893, the plaintiff caused a notice, in writing, to be served upon the defendant that three days from the expiration of that time she should consider the defendant in possession of the premises without legal right, and should commence legal proceedings to oust him from possession if he did not vacate the premises; and that she elected to terminate, and did terminate, the lease for several reasons therein stated, among which was that he had underlet a part of the said premises without her consent, and was using, or causing to be used, the premises in violation of the terms of the said lease. The defendant, notwithstanding the service of the notice, still remained in possession of the first and third stories of the said premises, continuing his business as usual, and on the 1st day of December, 1893, by the terms of the lease, there was one month's rent due the plaintiff from the defendant for the month of December. The defendant voluntarily paid such rent to the plaintiff, and she accepted it without objection, and afterwards this action was commenced, and the injunction obtained. The affidavits tend to strongly show that the defendant is insolvent. One William Hurley, however, executed the lease as surety for the performance by the defendant of his covenants. It does not appear whether Hurley is responsible or not.

The affidavits also seem to establish that the use of the third story as a dance hall had injured the building; that the floor had sagged; that it was not safe to continue the use of the hall for that purpose; and, if the defendant was not restrained, the plaintiff would suffer irreparable injury.

The learned counsel for the defendant claims that the injunction should be vacated—First, because the defendant having elected to terminate the lease by notice, it was terminated, and the only remedy for the plaintiff was to recover damages; and, secondly, the lease itself provided for the recovery of damages which was liquidated therein in case of a breach by the defendant of any of its covenants, and that her sole remedy was to recover such damages. The first position is clearly untenable, because the forfeiture was waived by the payment by the defendant without objection, and the voluntary receipt by the plaintiff, of the rent due December 1st. The lease was thereby reinstated in full force and effect, and the case stands precisely as if no notice had been served.   Collins v. Hasbrouck, 56 N. Y. 164, 166; Murray v. Harway, Id. 337; Conger v. Duryee, 90 N. Y. 600; McIntosh v. Rector, etc., 120 N. Y. 12, 23 N. E. 984.   As to the second objection, it will be observed that by the terms of the lease, above given, the right of the plaintiff to recover the stipulated damages is connected with and made dependent upon the forfeiture to be declared by the plaintiff for a violation on the part of the defendant of his covenant.   It may be said that this is a strict construction of the lease.   Assuming this is so, a strict construction is authorized where the provisions of a contract or lease provide for liquidated damages, as they are in the nature of a penalty.   But I think the construction thus given is the proper and natural one from the language used.   Now, if the forfeiture is waived by the payment of rent after it occurred, the forfeiture falls, and the right to recover the stipulated damages falls with it, and we may treat this action, for the purposes of this motion, as though the questions of forfeiture and liquidated damages were eliminated from it.   The question, then, remains whether the plaintiff is entitled to the equitable interposition of the court restraining the defendant as in the injunction provided.   "Where a lessee covenants in a lease executed by him for a particular use of the demised premises, equity will restrict him to that use by injunction."   Dodge v. Lambert, 2 Bosw. 570; Steward v. Winters, 4 Sandf. Ch. 587, 588; Association v. Watson, 38 Hun, 545; High, Inj. § 691.   In so far as this motion appeals to the favor of the court it should not be granted, because the defendant is in contempt for violating the injunction in permitting the use of the third story for public dancing after the injunction was served.   Williamson v. Field, 2 Barb. Ch. 281; Krom v. Hogan, 4 How. Pr. 225; Johnson v. Pinney, 1 Paige, 646; Evans v. Van Hall, Clarke, Ch. 22, 24, 25; Field v. Chapman, 13 Abb. Pr. 320, 330, 331.   The affidavit clearly discloses this violation of the injunction, and the court may consider that fact upon this application to dissolve, although the defendant may not have been formally put in contempt by a direct proceeding for that purpose.   The suggestion of Harris, J., in Smith v. Reno, 6 How. Pr.

124, that such a procedure is necessary, is not supported by authority; and see cases last above cited. It is clear from the nature of the injury which the action is brought to redress that compensation in damages will not be adequate, and therefore the preventive action of a court of equity is necessary.

It is claimed in some of the defendant's affidavits that it was the intention of the parties at the execution of the lease that the defendant should continue to use the third story for dancing as it had been theretofore used, and that, if the lease expresses a contrary intention, it was through mutual mistake of the parties. This is denied by the plaintiff; she, on the contrary, affirming that the lease was purposely so worded as to prevent in the future what it was apparent had been an injury to the premises in the past. We can only take the lease as we find it. No answer has been interposed in this action, and the question of a reformation of the lease is therefore not before us. If, upon the trial, the lease is reformed, and the defendant's contention in this regard is sustained, he can be protected in the final judgment. The preliminary injunction, however, must be sustained, and the motion to vacate the same is denied, without costs. Let an order be entered accordingly.