1834.

City Bank
v.
Bangs.

The order to show cause must therefore be discharged, with costs.

---

### The City Bank *vs.* Bangs and others.

Where a sum of money is paid into court while the suit is pending before the chancellor, and the cause is subsequently referred to a vice chancellor to hear and decide the same, the party in whose favor the decision is made, must, for the purpose of obtaining the fund, obtain an order from the chancellor that the register or assistant register pay over the fund, in conformity with the decree of the vice chancellor.

Where the whole fund which is the subject of litigation is in court, and a decree is made directing its payment to one of the parties, from which decree the adverse party appeals, it is not necessary for the appellant to give security for the payment of the money which is in court, in order to make the appeal a stay of proceedings.

A decree or order, directing the appellant to pay costs to the adverse party, is a decree directing the payment of money, within the meaning of the statute; and to make the appeal a stay of proceedings, so far as relates to the collection of such costs, a bond must be given to the adverse party in double the amount of the costs, either separately or in connection with the usual appeal bond.

Where the costs awarded to the adverse party have not been taxed, at the time of entering an appeal, if the appellant wishes to stay the proceedings for the collection of such costs, the officer who approves the bond for the stay of proceedings, should fix the penalty at such sum as he shall consider to be at least equal to double the probable amount of the costs.

Upon the bill of interpleader filed in this cause, and while the same was pending before the chancellor, the fund in dispute was paid into court, and was directed to be invested by the assistant register. The master having made his report, under the order of reference to him to ascertain the rights of the several defendants claiming the fund, and exceptions having been filed to that report, it was referred to the vice chan-

January 7.

1834.

City Bank
v.
Bangs.

cellor of the first circuit, to hear and decide the cause upon such exceptions, and upon the equity reserved. The vice chancellor allowed the exceptions of the defendant Bangs, and overruled those of the other defendants. And he made a final decree in the cause, awarding the whole fund in court, with the income thereof, to the defendant Bangs. He also decreed that the other defendants should pay to Bangs their several portions of the master's bill upon the reference ; and that Bangs should have execution against such defendants, respectively, to obtain satisfaction thereof. From this decree two separate appeals were entered, by different defendants, who claimed the fund in opposition to Bangs and to each other. Upon each appeal, a bond was given, in the penalty of $100, conditioned to pay the costs and damages which might be awarded against the appellant on such appeal. But no security was given by either of the appellants, for the payment of the fund remaining in court, or for the payment of the amount directed to be paid by them for their respective proportions of the master's bill. The present application was therefore made, on behalf of Bangs, for leave to proceed on the decree of the vice chancellor notwithstanding the appeals.

*R. Bogardus,* for the defendant Bangs.

*J. Edwards,* for the several appellants.

THE CHANCELLOR. The objection that this application should have been made to the vice chancellor, is not well taken in the present case. The fund in controversy having been paid into court while the suit was pending before the chancellor, it can only be paid out upon his order, founded upon the vice chancellor's decree.

I think, however, that the counsel for Bangs is under a mistake in supposing that the appellants were required to give security for the payment of the fund in court, in order to stay the proceedings upon the decree. The statute is indeed general in its terms, that if the decree directs the payment of money, a bond with sureties shall be given, in double the sum decreed to

be paid, in order to make the appeal a stay of proceedings on the decree. But this provision of the revised statutes, evidently was only intended to apply to those cases in which some of the parties in the cause were directed, by the decree, to pay money, or were personally charged with the payment of a loss which had arisen, or which might arise, in relation to a fund in court. In this case there is no probability of any loss upon the fund in court, except such as may arise from the difference in interest between the legal rate and that which the fund now produces. And such loss may be recovered, under the present bonds, as damages to be awarded against the appellants on the appeal ; provided the penalties of the bonds are sufficient to cover such damages, as well as the costs on the appeal. This court has probably erred in adopting a rule by which the penalty in the appeal bond is fixed at an amount which, in many cases, will be insufficient to cover the costs and damages that may be awarded to the respondent. It is sufficient, however, for the appellants to show that they have complied with the standing rules of the court.

The respondent also objects that the appellants have not given security, as required by the eighty-second section of the statute, (2 *R. S.* 606,) for the payment of the amounts directed to be paid by them, respectively, for their proportions of the master's bill. This objection appears to be well taken. A decree directing a party to a suit in chancery to pay costs to the adverse party, out of his own property, or out of a fund in his hands, is a decree directing the payment of money. In the analogous case of a writ of error, to reverse a judgment where nothing but costs have been awarded against the party suing out such writ, the plaintiff in error must give security for the payment of the costs recovered against him in the court below, if he wishes the writ of error to operate as a stay of the proceedings of the adverse party for the collection of such costs. (2 *R. S.* 595, § 27.) And there is no reason why a different rule should be adopted as to the stay of proceedings in this court for the collection of costs. An appeal from the decree in such a case does not therefore stay the proceedings of the adverse party, so far as relates to the collection of the costs, unless a bond for the stay of proceedings

is given ; either separately or in connection with the usual ap-peal bond.   If the costs have not been taxed, at the time of entering the appeal, the officer who approves the bond for the stay of proceedings, must fix the penalty thereof in such a sum as he shall consider to be at least equal to double the probable amount of the costs directed to be paid by the decree appealed from.   And where such bond is taken in connection with the ordinary appeal bond, required by the eighteenth section of the statute, the amount of the penalty must be increased according-ly.   In that case, also, the condition of the bond must be made to conform to both sections of the statute; so as to ensure the payment of the costs, or other sum of money, directed to be paid by the appellant, in the court below, as well as the costs and damages occasioned by the appeal.

As this is a new question arising upon the construction of a recent statute, and as these appeals have been brought in good faith, and not for the mere purpose of delay, the appellants are to have twenty days to give additional bonds, to stay the proceedings against them respectively, upon the decree. Such bonds to be approved of, as to the amount, and the suf-ficiency of the sureties, by the vice chancellor of the first circuit.   And neither party is to have costs as against the oth-er, on this application.