4

That a bona fide holder of such drafts who receives them in another state, and who is not therefore chargeable with notice of our laws, may recover thereon against the acceptors.

Order of the vice chancellor overruling demurrer affirmed with costs.

*Ephraim Baldwin* v. *Asa Eddy et al.* W. W. Frothingham and M. T. Reynolds, for complainant; S. Stevens, for defendants. Decretal order appealed from affirmed with costs.

*Elias Pond* v. *Joshua Wilber et al.* S. Stevens, for appellant; G. H. Mumford, for respondents. Decided that where a person, upon applying to another for a loan of money, agrees to procure the bond and mortgage of a third person, and sell it to the lender at a discount, after guarantying the payment thereof, such agreement is not usurious or illegal.

<p style="margin-left:0">Usury.</p>
<p style="margin-left:0">Selling mortgage of third person at a discount.</p>

Decree appealed from affirmed with costs.

*Barent P. Staats et al.* v. *Becker Bicknell et al.* C. Stevens, for complainants; R. W. Peckham, for defendant Bicknell. Motion to dissolve injunction granted. Costs of defendant, Bicknell, to abide the event.

*Helen Quackenbush et al.* v. *Mary Leonard et al.* M. Fairchild and J. Crary, for complainant; C. & S. Stevens, for defendants. The chancellor decided that the marriage of one of the female complainants in this case, although after the decree in the cause, was an abatement of the suit, and that it must be revived either in favor of or against the husband before any further proceedings can be had in the suit, except to set aside the irregular proceedings which have been had in the master's office in the meantime. But that the decree of the court of errors affirming the decree of this court, although made after the marriage of one of the complainants, was not void, but must be carried into effect here, after the proper parties are brought before the court.

Abatement and revivor.

That the marriage of a female defendant pendent lite, does not abate the suit; and that it is only necessary in such a case, to obtain an order that the suit proceed against her by her new name, in conjunction with that of her husband.

That if after the abatement of a suit by the marriage of a female complainant, there is a decree obtained in her favor, the defendant is bound by it and cannot afterwards urge the objection that the suit had abated by her marriage.

That as the statute authorizing the revival of suits on a summary application to the court by petition, does not apply to the abatement of a suit by the marriage of a female complainant, but only to cases of abatement by the death of a party, the proper course to revive a suit abated by marriage is to proceed by bill of revivor,

As to the regularity of the proceedings in the master's office, the chancellor observed as follows : " The first objection to the proceedings in the master's office, and which, I think, is well taken, is that under the decree in this case, the complainants' solicitor was entitled to the prosecution of the reference in the first instance; and that the solicitor of the defendants had no right to carry the decree into the master's office until the solicitor who had the carriage of the decree had made default, and had been deprived of his right to prosecute the reference by an order of the court. As a general rule the party obtaining an order of reference, is entitled to the prosecution thereof in the first instance. And where a decree is made on the hearing, directing a reference in which both parties have an interest, the complainant's solicitor is entitled to prosecute the reference, unless the court, in making the decree, thinks proper to commit the prosecution thereof to the other party. In such a case, therefore, if the solicitor of the complainant neglects to carry the decree into the master's office, and to take out and serve a summons upon the defendant's solicitor, within the time prescribed for that purpose by the 101st rule of the court, the latter should apply to the court, upon notice to the adverse party to have the prosecution of the reference committed to him; or for such other order as may be proper to expedite the proceedings.— And where the party entitled to the carriage of the decree neglects to proceed with due diligence, after he has commenced the prosecution of the reference by the service of a summons, to proceed thereon, the remedy of the other party

*Proceedings in master's office.*

*Who entitled to prosecute order of reference.*

is by an application to the master under the last clause of the same rule, to have the further prosecution of the reference committed to him.

*What master may execute reference.* The defendants' solicitor was also irregular in this case in carrying the decree into the office of an ordinary master who was not authorized to execute the order of reference, which was general, without the consent of both parties ; under the provisions of the 99th rule.   Where the parties in such a case do not agree upon a master to execute the reference, the party who is entitled to prosecute it should carry the decree into the office of one of the special masters designated in that rule to execute orders of reference in such cases.

*Master's summons not to issue until decree entered.* · It was also irregular for the master to issue a summons to proceed upon a reference until the decree was actually entered, and an authenticated copy thereof brought into his of-

*Master to be furnished with copy of decree or order of reference.* fice.   The possession of the decree or order of reference by the master is necessary, not only that he may know he has authority to execute the reference, and to summon parties to appear before him, but also to enable him to exercise a proper discretion in fixing a reasonable time for the service of the summons upon the parties who are to attend before him, in reference to the nature of the matters to be inquired into, and the residences of such parties and their solicitors.   A discretionary power is committed to the master in this respect, by the 100th rule of the court ; and it is his duty to exercise it in such a manner as to do justice to both parties ; and not, as is too often the case, to permit the party who has the prosecution of the reference to fix the time and place of the reference, and the time of service of the summons so as to suit his own convenience only, without any reference to that of the other parties in the suit."

*What is a final decree.* The chancellor also decided that a decree which, upon directing a reference to a master, gives all the consequential directions, so as finally to dispose of the whole case upon the coming in and confirmation of the report, by a common order in the register's office, without the necessity of bringing the case again before the court for any other decree or directions,

is a final deciee ; although further proceedings in the master's office, are necessary to carry the decree into effect.

Liberty to defendants to file a bill of revivor, if complainants fail to file such a bill within sixty days. Proceedings in master's office, his report, and all subsequent proceedings set aside ; without costs to either party as against the others.

*Eli Benedict et al.* v. *Ephraim Smith et al.* E P. SMITH and F. M. HAIGHT, for complainants ; O. HASTINGS, for defendants. Decided that under the act of April 1833, *(Laws of* 1833, *p.* 402,) a chattel mortgage must be filed in the proper clerk's office, unless there is an immediate delivery of the whole property embraced therein, and a continued change of possession, or the mortgage itself is absolutely and wholly void as to creditors. That a change of possession as to part of the property included in the mortgage, is not a change of possession of the things mortgaged, within the intent and meaning of the statute. *Chattel mortgages.*

Decree of the vice chancellor affirmed with costs ; upon the ground that the complainants have ratified the arrangement made by Griffin, by their subsequent acts, and that such subsequent ratification is equivalent to a previous authority.

*Daniel W. Wing* v. *John B. Stevens.* W. HAY, for complainant ; H. C. MARTINDALE, for defendant. Decree of the vice chancellor affirmed with costs.

*Charles F. Cotterill et al.* v. *Edward A. Jee et al.* GEO. F. ALLEN, for complainants ; J. RHOADES, for defendant.— Order of vice chancellor denying application for an attachment affirmed, without costs to either party.

*Leonard T. Cromwell* v. *James T. Cromwell et al.* W. K. THORN, for complainant ; C. T. CROMWELL, for defendants. Decree of the vice chancellor affirmed with costs.

*Josiah Trowbridge* v. *Charles Christmas et al.* H. K. SMITH, for complainant ; S. STEVENS, for defendants. Decision of the vice chancellor overruling demurrer affirmed with costs, and proceedings remitted.