OF THE

## STATE OF NEVADA.

10  405
11  243
16  217
19  383
12* 566

## JANUARY TERM, 1876.

[No. 719.]

F. PERKINS, APPELLANT, *v.* THE SIERRA NEVADA
SILVER MINING COMPANY, RESPONDENT.

JUDGMENT—WHEN FINAL.—A judgment is final that disposes of the issues
presented in the case, determines the costs, and leaves nothing for the
future consideration of the court.

IDEM—MUST BE DETERMINED BY THE RECORD.—The question whether a
judgment is final must be determined with reference to the facts pre-
sented by the record.

FINAL JUDGMENT—WHEN NOT AFFECTED BY STIPULATION.—In an action of
ejectment to recover an undivided interest in a mining claim, where the
respective parties in open court consented that judgment should be ren-
dered for the plaintiff, and further consented that no writ of restitution
should issue, unless the amount due for assessments upon said interest
was paid within thirty days after the entry of judgment, and this agree-
ment was made part of the record with the judgment: *Held,* that the
agreement did not affect the finality of the judgment.

FINDINGS AND JUDGMENT OF A COURT MUST BE CONFINED TO THE FACTS AT
ISSUE.—It is a well-established principle of law that the findings of a

( 405 )

court should be confined to the facts at issue, and the judgment of the court must be warranted by the pleadings.

FINAL JUDGMENT—WHAT IT MUST DETERMINE.—It is not essential that the judgment should settle all the rights existing between the parties to the suit. All that is required to make the judgment final is that it should determine the issues involved in the action.

IDEM—WHEN NOT AFFECTED BY FUTURE ORDERS.—A judgment is none the less final because some future orders of the court may become necessary to carry it into effect.

WRIT OF RESTITUTION—WHEN MUST BE ISSUED.—Under the provisions of section 214 of the Practice Act of 1861 (Stat. 1861, 350), no writ of restitution could be issued on a judgment after the lapse of five years from the entry thereof.

STATUTE OF LIMITATIONS.—Section 21 of the statute of limitations (1 Comp. L. 1036), has no application to this case.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts material to the decision are stated in the opinion of the Court.

*De Long & Belknap,* for Appellant.

I. The court should have decided that the judgment was interlocutory and not final, and should have entered a final judgment, and authorized the issuance of process thereon. (*Johnson* v. *Everett,* 9 Paige, 638; *Mott* v. *Union Bank,* 38 N. Y. 18; *Lawrence* v. *Farmers' Loan and Trust Co.,* 6 Duer, 689; *Smith* v. *Lewis,* 1 Daly, 452; *Butler* v. *Lee,* 33 How. Pr. 259; *Kaupe* v. *Bridge,* 2 Robertson, 459; *Choteau* v. *Rice,* 1 Minn. 24; *Belmont* v. *Ponvert,* 3 Robertson, 696; *Swarthout* v. *Curtis,* 4 N. Y. 415; *McCollum* v. *Eager,* 2 How. 61; *Winan's Heirs* v. *Jackson,* 12 Wheat. 135; *Young* v. *Grundy,* 6 Cranch, 50; *Hiriart* v. *Ballou,* 9 Peters, 156; Freeman on Judgments, Secs. 20, 27, 30; *Jenkins* v. *Wild,* 14 Wend. 542.) The judgment in this case is *sui generis;* the court decides that we shall have the property we claim, provided we do a certain thing within a certain time, and then says, if we fail to perform that condition we shall be forever barred from recovering the property sued for. Had the direction in the judgment ended by a statement that we

should not have a writ of restitution or other process upon that judgment, if we failed to perform the condition, we could have understood it; but it, in effect, decrees the property of the defendant if we fail to perform the condition. Now, after the expiration of twenty days did not the right exist on the part of both or either of these parties to come in and show what had or what had not been done, and ask this Court to enter a final judgment in accordance with the facts? Did not this judgment look to such future action? Is it not in all respects equivalent to the coming in of a report from a referee, thus putting the case in the line of the authorities above cited? How can anything be called a final determination of the rights of parties to a suit that, in point of fact, does not finally determine them; that leaves something else for the court to do before the rights of the parties are finally settled?

II. The court should have decided that the plaintiff was not affected by the statute of limitations prohibiting the issuance of executions upon judgments after the lapse of five years from the rendition thereof.

In *Hills* v. *Sherwood* (33 Cal. 475), the court held that a judgment is not a final judgment until it has been affirmed upon appeal, or until after the time for appealing has expired. By this rule this judgment in any event did not become final until one year after the date of its rendition, to wit, May 30, 1864, as our statute gives one year's time in which to appeal from a final judgment (1 Comp. L. 390, Sec. 1391), and the statute of limitations of 1861, above referred to, was repealed March 8, 1869 (see Stat. 1869, 196 and 288), less than five years after the statute commenced to run. We, then, have only the statute of 1869 as a bar to consider, which, it is true, is similar to the one of California that underwent construction by the Supreme Court of California in the case of *Mann* v. *McAtee* (37 Cal. 11); but it must be borne in mind that the act in California succeeded by that statute is essentially different from our statute of 1861, succeeded by our present statute of 1869. The California statute simply provided "that after five

years from the entry of a judgment an execution shall only be levied by leave of the court," etc. Here, it will be observed, occurs no clause barring the right, but merely a provision limiting the remedy to the conscience of the court.

The California court may have been justified in concluding that, as the act repealed contained no positive limitation as to the time within which an execution upon a judgment might have been obtained, and as the repealing act gave no right expressly to have an execution after five years, that by fair construction, under such circumstances, such an act should be considered as intended to limit relief to the period mentioned; but here we have a wholly different case. The statute repealed did contain a positive bar. The repealing statute does not contain any. The same reasoning applied by the California court to that case followed here, leads us to give this act precisely the contrary construction. By repealing the five years' bar, and placing none other in its stead, we submit that it is fair to presume that the legislature did not intend to maintain any bar against a judgment only to limit the right of the party to five years without judicial intervention.

This Court has held that a foreign corporation cannot plead the statute of limitations. (*Robinson* v. *Imperial Co.,* 5 Nev. 44.) If this be correct in principle, why does it not as well apply to this proceeding as any other? The record in this case shows that this respondent is a foreign corporation, and was such when this original action was commenced. Why should it be heard to invoke this statute as a shield any more against a proceeding upon a judgment, than in an action upon a contract or a tort?

III. The court should have decided that plaintiff was entitled, as tenant in common, to be admitted into joint possession with the defendant in the mining property described in the judgment, and should have directed a final judgment to be entered in said action, and that a writ of restitution should issue thereon.

*Whitman & Wood,* for Respondent.

I. The motion should not have been entertained in the district court, as we then objected; nor should it be here, because it is not definite. It seeks to have the court disclose a cause of action, and then furnish a remedy. It is, or should be, the business of appellants to know their cause of action before coming into court. If the judgment upon which they move was final, let them so say, and take the court's finding on that proposition. If not final, let them abide by that issue, and ask appropriate relief. But it is too much to ask the court, first, to seek and determine the cause of action, if any, and then give the remedy.

II. That the judgment was final, seems too clear for argument. (2 Freeman on Judg., 2d ed., Sec. 2; *Kramer* v. *Rebman,* 9 Iowa, 114; *Gregory* v. *Nelson,* 41 Cal. 278.)

The proviso is really nothing more than a stipulation between parties (for it will be remembered that this is a judgment by consent), allowed by the court, which, although nominally a part of the judgment, neither helps nor harms nor in any manner affects it.

There was nothing for the court to do further in the premises. The appellants, on paying their money, could have their writ; or if they improperly had it issued before such payment, the respondent could have moved to have it quashed; but none of such proceedings would have touched the judgment.

III. If a final judgment, then the appellants are remediless, because they have had their day in court, and could, at any time after the lapse of two years from the entry of their judgment, have moved the court for the very relief which they here demand (Stat. 1861, Sec. 214); which remedy they have neglected to pursue, and consequently, as five years elapsed since the entry of judgment, and while the statute quoted was in force, they can have no execution. (Id.)

IV. That the appellants regarded the judgment as final is evidenced by their issuance of an execution, and collec-

tion of costs. This, though not conclusive, is strong proof that some settlement, as suggested, had been made. A judgment sufficient to sustain an execution for costs would have borne a writ of restitution without trouble.

V. After a lapse of two years no writ could. issue, unless upon oath of applicant that some portion of the judgment remained unsatisfied. (Stats. 1861, 350, Sec. 214.)

By the Court, HAWLEY, C. J.:

On the thirtieth day of May, A. D. 1863, Frank Perkins (appellant), and Alexander Greenhalgh, as plaintiffs, obtained a judgment in the district court of the first judicial district against defendant (respondent), which, after a recital of facts, reads as follows: "Now, in consideration of the law and the premises, it is considered, ordered and adjudged, that the said plaintiffs recover the possession of and from the said defendant, of the said one hundred and twenty-five feet undivided interest in the said mining ground; *provided, nevertheless*, that the plaintiffs shall have no writ of restitution or other process on this judgment unless they shall pay within twenty days from this date to the defendant the sum of six thousand dollars ($6000), that is to say, the sum of forty-eight dollars upon each of said feet; and it is further considered, ordered and adjudged, that unless the said sum of six thousand dollars be paid to the defendant within twenty days, in United States gold coin, from this date, the plaintiffs shall never hereafter have any writ of restitution, or other writ or process, upon said judgment for the recovery or possession of the said one hundred and twenty-five feet, and that plaintiffs shall be forever debarred of and from all claim, right and title to, or property or interest in said interest, equal to one hundred and twenty-five feet."

On the eighth day of June, A. D. 1874, eleven years after the entry of said judgment, Frank Perkins, having in the meantime acquired the interest of his co-plaintiff, by his attorneys moved the court "that a writ of restitution or such other process as may be proper to place the said   *   *   *

Perkins in possession of the undivided interest in the mining ground of the said defendant mentioned and described in the judgment,   *   *   *   be issued on said judgment, or in the event that said judgment shall not be regarded by the court as a final judgment, for a final judgment in said action and a writ of restitution or other proper process thereon."

This motion was based on the judgment-roll and the papers on file in said action and the affidavits of Frank Perkins and P. H. Clayton, filed with the motion.

The affidavit of Perkins states, among other things, that within the twenty days specified in the judgment the assessment of forty-eight dollars per foot was paid by plaintiffs to the defendant, and "that no writ of restitution, or other process, has ever been issued on said judgment."

This appeal is from the order of the court denying appellant any relief upon said motion.

It is contended by appellant that the judgment was contingent and interlocutory, not final. What is a final judgment? This question has been frequently decided by the courts. A judgment or decree is final that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court. When no further action of the court is required in order to determine the rights of the parties in the action, it is final; when the cause is retained for further action it is interlocutory. (*Smith* v. *Saler*, 1 Neb. 310; *Choteau* v. *Rice et al.*, 1 Minn. 26; *Kelley et al.* v. *Stanberry et al.*, 13 Ohio, 421; *Jenkins* v. *Wild*, 14 Wend. 542.)

Our statute defines a judgment to be "the final determination of the rights of the parties in the action or proceeding. (1 Comp. L. 1208.) "This definition," says Mr. Freeman, in his very excellent work on Judgments, "is just broad enough to comprise all final judgments and all final decrees, and narrow enough not to comprise any which is less than final." (Sec. 14.)

In the *California State Telegraph Co.* v. *Patterson*, this Court said that, "If the record discloses that the decision

of the court finally disposed of the action, and nothing further was to be done by it to complete that disposition, that surely was a final judgment from which an appeal would lie." (1 Nev. 155.)

The question whether the judgment in the case under consideration was final, must be determined with reference to the facts and issues presented by the record. The action was ejectment, and was instituted by plaintiffs to recover one hundred and seventy-five feet undivided interest in certain mining ground then alleged to be in the exclusive possession of the defendant. The complaint contained the usual averments in such actions. The answer denied all the allegations of the complaint. The real question at issue was as to the ownership of, and right of possession to said one hundred and seventy-five feet of mining ground. We think the judgment settled all the issues involved in the suit, and was a final determination of the rights of the parties in that particular action. The judgment was certainly complete and final without the *proviso*. It appears from the recital of facts —not from any allegations in the pleadings—that at the time of the entry of said judgment there was an assessment of forty-eight dollars per foot against said interest in said mining ground, which the plaintiffs agreed to pay. It does not appear from the record, although it is so stated by appellant, that the cause was tried before a jury. This fact is, however, immaterial, as the judgment was entered by consent. The fact that the respective parties, in open court, consented that no writ of restitution should issue unless the amount due for assessments was paid within twenty days after the entry of judgment, and the further fact that this agreement or stipulation was made part of the record, does not, in our opinion, in any manner affect the validity or finality of the judgment.

What is a judgment? "At law," says Wright, C. J., in delivering the opinion in *Kramer* v. *Rebman*, "the judgment is yea or nay, for one party and against the other; and recognizes no liens, awards no execution against specific property, unless when the proceeding is *in rem;* but simply

contains the conclusion of the law upon the facts proved, and leaves the party to his legal and appropriate writ or process to enforce it." (9 Iowa, 117.) Leaving out the *proviso*, we have just such a judgment. Independent of the judgment, counsel had the right to stipulate when, and upon what terms and conditions, the writ should issue, and such a stipulation, if made upon a good consideration, would be binding upon the parties; but the question as to the amount of assessments due was not an issue in the case, and hence did not properly belong to or constitute a part of the judgment, which should always be but a simple sentence of the law upon the ultimate facts admitted by the pleadings or found by the court. (*Gregory* v. *Nelson*, 41 Cal. 282.) The conditions in the *proviso* being entirely foreign to the issues made or tendered by the pleadings, have no force or effect either "as a finding of fact, conclusion of law, or judgment of the court upon the subject-matter embraced therein." (Id. 284.)

It is a well-established principle of law that the findings of a court should be confined to the facts at issue, and the judgment of the court must be warranted by the pleadings. (*Burnett* v. *Stearns*, 33 Cal. 473; *Bachman* v. *Sepulveda*, 39 Cal. 689; *Marshman* v. *Conklin*, 21 N. J. Eq. 548; *Munday* v. *Vail*, 34 N. J. Law, 418; *Dodge et al.* v. *Wright*, 48 Ill. 383.) And the fact that plaintiffs consented to this judgment does not change the rule. (*Hastings* v. *Burning Moscow*, 2 Nev. 96.)

It was not essential that the judgment should settle all the rights existing between the parties to the suit; all that was required to make the judgment final was that it should determine the issues involved in that particular action. (*Belt* v. *Davis*, 1 Cal. 136.)

"It is impossible," say the court in *Munday* v. *Vail*, *supra*, "to concede that because A. and B. are parties to a suit, that a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not. Persons by becoming suitors do not place themselves for all purposes under the control of the court,

and it is only over those particular interests which they choose to draw in question that a power of judicial decision arises."

But even if we should consider the *proviso* a legitimate part of the judgment, it would not destroy its finality. There was nothing therein reserved for the future consideration or determination of the court. The rights of the parties were determined in favor of the plaintiffs, and the costs of the suit awarded to them, for which they issued an execution which was afterwards returned satisfied in full. The conditions in the proviso could only be considered as having reference to the issuance of a writ of restitution. If plaintiffs paid the assessment within the twenty days they were entitled to their writ. If they failed to pay the money they were not entitled to it. No action of the court would have been necessary except in the contingency of a dispute about the payment of the money, and if there should have been a controversy between the parties upon this subject, and the clerk should have issued the writ, or refused to issue it without an order of the court, either party, upon a proper showing, could have brought the matter before the court; and if the court had been convinced that the payment had not been made, and that the proviso was binding upon the parties, it would have denied the writ; and if satisfied that the money had been paid in time it would have ordered the clerk to issue the writ. But neither of these orders would, as we have before stated, destroy or in any manner affect the finality of the judgment. A judgment is none the less final because some future orders of the court may become necessary to carry it into effect. (*Mills* v. *Hoag*, 7 Paige Ch. 19; *Quackenbosh* v. *Leonard*, 10 Paige Ch. 136; *Dickenson* v. *Codwise*, 11 Paige Ch. 189; *Stovall* v. *Banks*, 10 Wallace, 586; *Stebbins* v. *Niles*, 13 S. & M. 310; *Cromwell* v. *Craft*, 47 Miss. 44.)

The court, in *Kelley et al.* v. *Stanberry et al.*, *supra*, in discussing this question, said: "Further decrees and orders of the court sometimes become necessary to carry into effect the rights of parties fixed by final decree; and final decrees

oftentimes direct an act to be done, as in case of specific per-
formance, that on payment of the purchase-money as speci-
fied in the final decree, the vendor shall execute a deed; or,
in case of redemption, that on payment of the money due,
the mortgage be cancelled, and even sometimes all the rights
of the parties being found, and all the consequences to flow
from a certain fact having been finally determined, a refer-
ence as to such fact may be had to a master, and still the
decree be final. The confusion has sprung up from failing
to observe the distinction between facts and things to be
ascertained *preparatory* to final decree, and facts and things
to be ascertained *in execution* of final decree."

There is not, in our judgment, any analogy between the
case under consideration and many of the cases cited and re-
lied upon by counsel, where the chancellor makes a prelim-
inary order determining some or even all of the issues in-
volved in the case preparatory to final decree, and then re-
fers it to a master to ascertain and report certain facts. In
such cases, it is usual for the chancellor to reserve his judg-
ment until the coming in of the referee's report, and the
judgment is seldom made final until after the confirmation
of such report. The principle decided in such cases, that
no judgment can be considered as final which expressly re-
serves any question for the future consideration and deter-
mination by the court, is correct; but the facts, upon which
every case must depend for its value as an authority, have
no application whatever to the case at bar, for here, as we
have already said, nothing was reserved for the future de-
termination of the court, and the judgment, under every rule
and principle of law, must be considered as final. (Free-
man on Judgments, Secs. 16, 23, 24, 26, 29, 36; *Belmont* v.
*Ponvert,* 3 Robertson, 694; *Meek et al.* v. *Mathis et al.,* 1 Heis-
kell, 536; *Whiting* v. *Bank of United States,* 13 Pet. 15; *Helm*
v. *Short,* 7 Bush. 623.)

At the time said judgment was rendered, the statute pro-
vided that: "After the lapse of two years from the entry of
judgment, an execution shall be issued only by leave of the
court, on motion. Such leave shall not be given, unless it be

established by the oath of the party, or other proof, that the judgment, or some part thereof, remains unsatisfied and due; and after the lapse of five years from the entry thereof, all judgments shall be barred, and no action shall be maintained thereon, and no execution shall issue thereon." (Stat. 1861, 350, Sec. 214.) This provision remained in full force and effect until repealed by the act approved March 8, 1869 (Stat. 1869, 196). More than five years having elapsed after the entry of said judgment before the repeal of the statute, the court was not authorized to grant the relief asked for in appellant's motion. (*Mann* v. *McAtee*, 37 Cal. 12; *State* v. *McArthur*, 5 Kan. 282.)

Section twenty-one of the statute of limitations (1 Comp. L. 1036), has no application to this case. We must not be understood as intimating any opinion whatever upon the question whether appellant has, or has not, any other remedy. That question is not presented by this appeal. All that we here decide is, that the judgment, when entered, was final, and that under the provisions of the statute of 1861, no writ of restitution could be issued thereon after the lapse of five years from the entry thereof.

The order appealed from is affirmed.