(5 App. Div. 208.)

STEINBACK v. DIEPENBROCK et al.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

APPEAL—EFFECT—STAY OF PROCEEDINGS.

The rule that a decree directing payment to a party of money which was already in court is stayed by taking an appeal, and giving an undertaking for the costs of the appeal (Code Proc. § 342, as construed by Curtis v. Leavitt, 10 How. Prac. 481), was repealed by the failure to re-enact such provision into the Code of Civil Procedure.

Appeal from special term, New York county.

Action by Erwin Steinback against Louise Diepenbrock, as executrix, and another. From an order denying a motion for an order directing the chamberlain of the city of New York to pay plaintiff certain money, plaintiff appeals. Reversed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTER·
SON, and INGRAHAM, JJ.

Thomas M. Rowlette, for appellant.
Max Meyer, for respondent.

BARRETT, J. Upon the 23d of October, 1895, after a trial at
special term, the plaintiff had judgment decreeing that he was en-
titled to a sum of money which had previously been deposited with
the chamberlain to the credit of this action, and directing the pay-
ment to him by the chamberlain of such sum, with its accumulations.
From that judgment the defendant appealed to this court, where
there was an affirmance. 37 N. Y. Supp. 279. From this affirmance
the defendant has since appealed to the court of appeals. Upon the
latter appeal the defendant has given the usual undertaking to per-
fect the appeal, and also to pay the costs awarded to the plaintiff by
the special term and by this court. These costs the defendant (not
the chamberlain) was required to pay to the plaintiff. The defend-
ant, however, gave no undertaking to pay interest upon the moneys
in the chamberlain's hands pending this last appeal. The plaintiff,
claiming that the undertaking given by the defendant only stayed
proceedings so far as the collection of the costs was concerned, de-
manded payment from the chamberlain of the principal sum, in ac-
cordance with the directions of the original judgment. That officer,
having notice of the defendant's appeal and undertaking, very prop-
erly declined to so pay until further directed by the court. There-
upon the plaintiff moved for an order requiring such payment. The
defendant opposed the motion upon the ground that the undertak-
ing which she had given stayed all proceedings upon the judgment.
The learned judge at special term took the latter view, and denied
the plaintiff's motion. From that denial the plaintiff appeals.

It has long been the rule that where a decree is made directing the
payment of a fund in court to one of the parties to the litigation,
from which decree the adverse party appeals, it is only necessary for
the appellant to give the usual undertaking required to perfect the
appeal to the court of appeals, in order to effect a stay of proceedings.
That was the rule in chancery. Bank v. Bangs, 4 Paige, 285; Wright
v. Miller, 3 Barb. Ch. 382; Quackenbush v. Leonard, 10 Paige, 136,
137. And that rule was followed under the Code of Procedure.
Curtis v. Leavitt, 10 How. Prac. 481. But this rule resulted from the
terms of the then existing statutes. Under the Revised Statutes it
was provided that an appeal from an order or decree directing the
payment of money should not stay the enforcement of the decree un-
less a bond was given, conditioned that the appellant would, upon
affirmance, satisfy the amount so directed to be paid. 2 Rev. St.
(Edm. Ed.) p. 628, § 82. Provision was also made for a stay in other
cases, as where the decree directed the assignment or delivery of
securities, chattels, and things in action, or the execution of a convey-
ance, or the sale or delivery of real property. Id. §§ 83–85. After
thus covering a great variety of cases, a general provision was made
for all other cases not provided for. That general provision was

that in such other cases "the filing and perfecting of an appeal by giving bond for the payment of costs therein" should "stay all proceedings in the court of chancery upon the order or decree appealed from and upon the subject matter thereof," except in certain particulars not necessary to be enumerated. The chancellor held in Bank v. Bangs, supra, that a decretal direction to pay money which was in court did not come within section 82, that the direction to pay money contemplated by that section was a direction to one of the parties to the action, and, consequently, that the bond to stay proceedings provided for in section 82 was not required where the money was in court. It was further held that the case of money in court so directed to be paid to one of the parties to the action was a case not specially provided for, and, consequently, that it came within section 89. Thus a stay was effected by the giving of a bond merely for the payment of the costs upon the appeal. These provisions of the Revised Statutes were, with some modifications, re-enacted in the Code of Procedure. Provision was there made for staying proceedings in similar cases. Code Proc. §§ 335–339. And a general provision followed,—that in cases not thus provided for "the perfecting of an appeal by giving the undertaking mentioned in section 334 [that is, for costs and damages not exceeding $500] shall stay proceedings in the court below upon the judgment appealed from." Code Proc. § 342. In view of this latter section the supreme court held in Curtis v. Leavitt, supra, that the chancery rule must be followed, and that where the decree directed the payment of money which was in court a stay upon appeal was effected by the giving of an undertaking, under section 334, for the costs of the appeal. The foundation of the rule, however, fell with the failure to re-enact in the Code of Civil Procedure the general provision to which we have referred. We find in this new Code substantially the old provisions with regard to security in the same class of cases. But the general provision for a stay in all other cases upon a mere undertaking such as is required to perfect the appeal is omitted. And this general provision—which was contained, as we have seen, in section 342 of the Code of Procedure—was not overlooked. It was omitted advisedly, for we find that provision is specially made in the Code of Civil Procedure for the exception as to perishable property contained in this old section 342. Thus in section 1310, Code Civ. Proc., it is provided that, notwithstanding a stay upon appeal, perishable property may be sold, etc., and this provision is almost in the language of section 342. Thus it was clearly intended to leave unclassified cases to the sound discretion of the court, where, indeed, such cases properly belonged. It was always an inconvenience, and frequently resulted in injustice, to be bound by an iron-clad rule with regard to stays upon a mere undertaking for costs in cases not specially provided for. The omission in the new enactment of the old provision was wise, and in the interest of justice. In the case at bar we have an illustration of this inconvenience. The fund in court is drawing only 2 per cent. interest. If the judgment had directed the payment of money by the defendant, she would have been required to give such security as would guaranty the payment of lawful interest.

Such interest would run upon the judgment. The plaintiff should' not be deprived of this interest merely because the money happens. to be in court, and the defendant insists upon a further review. We think that her undertaking has effected no stay, so far as the direction to pay this money to the plaintiff is concerned. Such a stay should only be granted to her upon condition that she give a bond, with proper sureties, in the penalty of $1,500, conditioned, in case the judgment appealed from be affirmed, or the appeal be dismissed, to pay the plaintiff the difference between whatever interest may be realized upon the money pending the appeal, and 2 per cent.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, unless the defendant, within 10 days, give the bond herein directed; such bond to be approved of by a justice of the court, upon notice to the plaintiff, and upon justification of the sureties, if required. Upon the approval of such a bond the defendant may have a general stay. All concur.