the assignments were obtained was not, under the circumstances, a payment which had the effect of discharging the mortgages, but is to be deemed merely the purchase price for the transfer. That the mortgages could be made the subject of a gift from the husband to the wife appears to be settled by authority. Bucklin v. Bucklin, 1 Abb. Dec. 242; Van Amburgh v. Kramer, 16 Hun, 205; Bolen v. Bolen, 44 Hun, 362. In the case first cited a mortgage by a father to a trustee, in order to make a voluntary provision for his infant child, was upheld as being as valid in every respect as would be a transfer for a full pecuniary consideration, the contract being executed, and there being no intervening rights of creditors. Chief Judge Denio, who wrote the opinion of the court, said: "There are cases in which a voluntary executory gift will not be enforced by the courts, but an executed one is as valid as though based on a full pecuniary consideration." In the second case, which arose in this department, Gilbert, J., said: "The evidence in this case merely shows that the bond and mortgage in suit were not made upon a valuable consideration. But there are other considerations which are sufficient in equity to support transactions between husband and wife, when the claims of creditors do not interfere. Indeed, it has been held that a bond and mortgage may be made by way of gift." In the third case, which was also decided by the general term of the second department, the facts were distinguished from those of Bucklin v. Bucklin, supra, but the authority of that decision was fully recognized. It seems to us that it must be deemed controlling here in support of the validity of the gift of the mortgages in suit.

There is nothing in the point that the findings of the court below established a different cause of action from that which was pleaded. The complaints alleged that the plaintiff was the owner and holder of the bonds and mortgages at the time the suits were commenced. This was the essential averment of ownership which the plaintiff was bound to prove, and it was immaterial whether she proved that she had become the owner by a direct transfer from the assignors or by an executed gift from her husband.

The judgments appealed from must be affirmed, with costs. All concur.

---

(17 Misc. Rep. 543.)

### In re ARKENBURGH'S ESTATE.

(Surrogate's Court, Rockland County. July, 1896.)

APPEAL FROM SURROGATE'S COURT—UNDERTAKING—STAY OF EXECUTION.

Code Civ. Proc. § 2577, relating to appeals generally from surrogates' courts, provides for an undertaking in a sum not to exceed $250. Section 2580, relating to appeals by executors and administrators, regulates the amount of an undertaking on appeal from an order granting leave to issue execution, and provides that "in every other case it [the amount] must be fixed by the surrogate." *Held* that, unless the appeal is taken by an executor, only the undertaking mentioned in section 2577 need be given to stay proceedings, it being provided by section 2584 that a perfected appeal has the same effect as a stay of the proceedings.

Motion for distribution of the estate of Robert H. Arkenburgh, deceased.    Denied.

Robert F. Little, for the motion.

Charles E. Souther and John Larkin, opposed.

TOMPKINS, S.    On the 12th day of December, 1895, a decree was made settling the account of Eliza J. Arkenburgh, as executrix, and Oliver M. Arkenburgh, as executor, of the will of R. H. Arkenburgh, deceased.    Under that decree the executor is entitled to receive upwards of $16,000; in all, the sum of about $57,000 is directed to be distributed.    An appeal has been taken by two of the legatees, the executor and other legatee not appealing.    An undertaking for $250 to perfect the appeal under Code, § 2577, has been given.    A motion is now made by the executor for distribution under the decree, unless a proper undertaking is given to stay the execution and enforcement of the decree.    The question is, does the undertaking already given effect a stay?    Section 2577 of the Code provides for the undertaking which has been given, and which is necessary to render the appeal effectual.    The only other undertaking provided for on an appeal from a decree of the surrogate's court is in cases of appeals by executors, administrators, trustees, guardians, or other persons appointed by the surrogate's court. Then, to stay the enforcement of the decree, there must be an additional undertaking.    Counsel for the executor and the motion insists that section 2580 gives the surrogate discretion to require an additional undertaking and fix the amount thereof.    These are the words relied upon: "In every other case it [the amount] must be fixed by the surrogate or by a judge of the appellate court, who may require proof," etc.    These words, however, clearly refer to undertakings required of executors, administrators, etc., and not to any other appellant.    The case of Steinback v. Diepenbrock, 5 App. Div. 208, 39 N. Y. Supp. 137, cited in support of the motion, is not applicable.    There the appeal was from a judgment of the supreme court.    There is authority for requiring an undertaking to indemnify a respondent against loss and damage in such a case that is not found in the provisions in reference to appeals from surrogates' courts.    My conclusion is that, unless the appeal is by the executor, administrator, etc., no undertaking can be required except the one for $250 required by section 2577, and that the giving of that undertaking on this appeal perfects the appeal, and hence, under section 2584, operates as a stay of proceedings to enforce the decree. Motion denied, with $10 costs.