## In re NATIONAL LOCK & METAL CO.

### (District Court, E. D. New York. July 16, 1907.)

**BANKRUPTCY — CLAIMS — VALIDITY—PROCEEDINGS IN STATE COURT—APPEAL—STAY.**

Code N. Y. Civ. Proc. § 1351, provides for an appeal within 30 days without security, but declares that the appeal does not stay the execution of the judgment or order appealed from, in the absence of a stay directed by the judge. *Held,* that where, in a suit in the state court against a bankrupt's trustee to enforce the lien of a chattel mortgage on the proceeds of certain of the bankrupt's property, it was determined that the mortgage was void, from which judgment the creditor appealed, but failed to procure a stay, and an execution against him for costs was returned unsatisfied, the appeal was ineffective to prevent the trustee from assuming possession of the fund and disbursing the same free from the lien of the mortgage.

Morris H. Hayman, for Schleestein.
Michael Kirtland, for trustee.

CHATFIELD, District Judge. On September 9, 1904, an involuntary petition in bankruptcy was filed against the National Lock & Metal Company, and in November. of that year a trustee was appointed. The trustee took possession of certain property, upon which one Schleestein claimed a chattel mortgage for the sum of $7,500, filed September 3, 1904. Subsequently such proceedings were had that this court made an order, dated December 8, 1904, directing the personal property to be sold, and the proceeds, viz., $6,300, be deposited in a trust company, in the joint names of Schleestein and the trustee, to stand in lieu of the personal property described in the chattel mortgage, and to be held subject to any lien which might be found to exist in favor of Schleestein under said mortgage.

An action was begun in the Supreme Court of New York, involving the validity of this chattel mortgage, and upon May 3, 1907, a judgment was entered adjudging and decreeing the chattel mortgage fraudulent and void, and granting costs in favor of the trustee in bankruptcy, who was a party to the said suit. The trustee now asks for an order directing the payment of the sum on deposit, with accrued interest, to him, free and clear of any lien thereon. The mortgagee, Schleestein, has appealed to the Appellate Division of the Supreme Court from the judgment of May 3, 1907, but has given no security to stay proceedings under that judgment. Execution has been levied for the costs awarded, and this execution has been returned unsatisfied; but no application for any stay has been made, under the provisions of section 1351 of the Code of Civil Procedure of the state of New York, which provides as follows:

"An appeal, authorized by this title, must be taken, within thirty days after service, upon the attorney for the appellant, of a copy of the judgment or order appealed from, and a written notice of the entry thereof. Security is not required to perfect the appeal; but, except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from; unless the court, in or from which the appeal is taken, or a judge thereof, makes an order, directing such a stay. Such an order may be made, and may, from time to time, be modified upon such terms, as to security or otherwise, as justice requires. * * * "

The appellant might have applied to the state court for a stay, upon such terms as the court might consider sufficient; and it is suggested that, inasmuch as the fund is in a reasonably secure place, the difference between the rate of interest paid by the trust company, and 6 per cent., the legal rate, might be the only loss for which security would be required. In the case of Steinback v. Diepenbrock, 5 App. Div. 208, 39 N. Y. Supp. 137, the appellant was allowed a stay, upon giving security to cover the difference between the legal rate of interest on a judgment, and the amount, viz., 2 per cent., accruing to a fund on deposit with the chamberlain of the city of New York. But on the present motion no such question arises. The money on deposit in the Franklin Trust Company was placed there to be held in lieu of the property claimed under the chattel mortgage. As far as the legal effect of the proceedings already had is concerned, this fund is in the same situation as if the property itself were in the possession of the trustee. No stay has been secured, and, the chattel mortgage having been held to be invalid, the trustee is under no obligation to await the outcome of any further proceedings.

The Code provided for a method by which, if the appellant desired to prosecute his appeal, he might have kept matters in statu quo. This he has not seen fit to do. The execution for costs has not been satisfied, but no undertaking is necessary to secure the payment of these costs, inasmuch as there has been no attempt to prevent the issuance of execution thereon. The fact that the execution has not been satisfied of itself indicates that, if the trustee should secure a further judgment upon the appeal, he would be unable to satisfy this out of the property of the appellant, and this fact furnishes an additional reason why the bankruptcy court should not, in effect, grant a stay, when the trustee is not protected from additional expense and loss.

There appears to be no reason why the trustee should not be allowed to proceed to administer the estate, unless in the state courts the appellant can protect the trustee or obtain a stay on such terms as to prevent loss.

The motion for the payment of the fund to the trustee, free and clear of any lien, and for the execution of such papers as may be necessary to accomplish that result, will be granted.