ADELE M. HOFFSTADT, Respondent, *v.* EDWARD COPELAND, Appellant.

First Department, June 23, 1930.

*Mortimer Hays* of counsel [*Edward Copeland*, appellant in person], for the appellant.

*Otto A. Samuels*, for the respondent.

FINCH, J.    The defendant appeals from an order directing the payment over to him of moneys that were held to the credit of the action, in so far as the order directs a stay of such payment pending an appeal by the plaintiff on a judgment dismissing her complaint.

Plaintiff paid to the defendant, her attorney, $5,000.    This amount the defendant deposited in the United States Mortgage and Trust Company.    Plaintiff and defendant each brought an

action against the bank to recover the money. On motion of the bank, an order of interpleader was made directing the bank to continue to hold the money to the credit of this action, consolidating both actions and providing further for the service of new pleadings. The plaintiff then served a new complaint against the defendant, in form for moneys had and received. A trial was had and at the close of the plaintiff's case the complaint was dismissed upon the ground that the plaintiff had failed to establish a cause of action. The defendant put in no evidence. The judgment made no disposition of the fund. The defendant then made a motion to have the fund paid over to him upon the ground that plaintiff, in drawing her complaint for money had and received, had elected to bring a separate action at law for a personal money judgment, and thus waived and abandoned any claim to the fund on deposit. There was, however, only one issue between the plaintiff and defendant in this action, and that is, which party was entitled to the fund of $5,000 held to the credit of the action. The defendant irrevocably recognized this by his answer to the amended complaint, wherein he prayed for relief as follows: " Wherefore, the defendant demands judgment against the plaintiff, that said complaint be dismissed, with costs, and that Five Thousand ($5,000) Dollars and interest, the subject of this action, be paid to the defendant." The litigation thereafter proceeded upon this prayer for relief in the answer of the defendant.

In view of his prayer for relief the defendant cannot now urge that the amended complaint did not concern the fund nor that the litigation in whatever form it proceeded had departed from this issue of the right to the moneys deposited in court to the credit of this action. When the defendant made a motion in this action to obtain payment of the moneys to the credit of the action, he was entitled thereto because the amended complaint of the plaintiff had been dismissed at the trial. An appeal, however, having been taken from the judgment of dismissal, the learned court properly exercised discretion in staying the turning over of the moneys pending the outcome of the appeal. (Civ. Prac. Act, § 167.) Under the old rule in Chancery, the mere filing of a bond such as that given by the plaintiff in the case at bar, would automatically have stayed the payment of the moneys pending the appeal. (*Steinback* v. *Diepenbrock*, 5 App. Div. 208.) By legislation the matter is now left to the sound discretion of the court. (Civ. Prac. Act, § 167.) The court, in granting a stay upon the giving of adequate security, acted well within his discretion and in accordance with like adjudications under similar circumstances which finally crystallized into the foregoing Chancery rule.

The order so far as appealed from should be affirmed, with ten dollars costs and disbursements.

MERRELL and MARTIN, JJ., concur; McAVOY and SHERMAN, JJ., dissent.

McAVOY, J. (dissenting). The order here, although granting the motion, also directed that a payment directed to be made to the defendant be stayed pending an appeal by plaintiff from a certain judgment at law involving the same sum of money. The appeal relates only to that portion of the order which stays payment.

Whilst the funds in question remained impounded under an interpleader order in the action which made the cause equitable in nature, plaintiff proceeded at law for a personal judgment for a sum of money only. The defendant, therefore, moved that the plaintiff be compelled to elect. Plaintiff elected to proceed at law.

The case was tried at law by a judge and jury, not, however, as a case in any wise involving the question of ownership of the funds held under the interpleader order, but solely on plaintiff's law complaint for moneys had and received. Plaintiff's case after that trial was dismissed on the merits, and judgment of dismissal entered.

Defendant then moved for the release to him of the funds still held under the order of interpleader, on the ground that, notwithstanding the judgment dismissing plaintiff's complaint at law, the fact that plaintiff proceeded at law after the interpleader constituted a conclusive election of remedies, an abandonment of any claim on plaintiff's part to the fund on deposit, and irrespective of the outcome of the law action, entitled the defendant to the funds. Defendant's motion to pay over was, as stated above, granted by the Special Term.

The plaintiff made no motion for a stay, served no notice of any application for a stay, stated no facts of any nature to justify a stay. Her counsel, in his answering affidavits served in opposition to defendant's motion to pay over, stated that plaintiff was appealing from the judgment of dismissal at law, and suggested that the decision on the motion to pay over, under the circumstances, be held in abeyance.

On granting defendant's motion to pay over, the court of its own motion granted a stay of said payment pending the appeal from the law judgment of dismissal, not, however, from the order for payment now here, from which plaintiff took no appeal.

There is no authority for the relief granted. It stays one action commenced after another at the instance of the party plaintiff in both. It permits the invocation of equity for one purpose, the

question of ownership, and then attempts to have it continued for a completely different purpose, as auxiliary to a repugnant and inconsistent law remedy, and all this without any notice to the defendant of the application for such relief.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements.

SHERMAN, J., concurs.

Order so far as appealed from affirmed, with ten dollars costs and disbursements.